Anna Y. Park, CA SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, CA SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, CA SBN 319557
taylor.markey@eeoc.gov
Connie K. Liem, TX SBN 791113
connie.liem@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA RESTAURANT SERVICES, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT – TITLE VII CIVIL RIGHTS**<br>• **Sexual Harassment**<br>• **Constructive Discharge**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action brought by Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") under Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and to provide appropriate relief to Charging Party and class of male and female aggrieved individuals (collectively the "Claimants") who were adversely affected by such practices. As set forth with greater particularity below, Plaintiff alleges that since at least 2019, Defendant Nevada Restaurant Services, Inc., (hereinafter "Defendant") unlawfully subjected Charging Party a class of male and female aggrieved individuals to sexual harassment, including a hostile work environment based on sex in violation of Title VII. Due to Defendant's continuing failure to stop and remedy the ongoing sexual harassment, the Charging Party and other aggrieved individuals could no longer tolerate the sexually hostile work environment and were subjected to constructive discharge in violation of Title VII.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2.    This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.    The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

4.    Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly

1

authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.    At all relevant times, Defendant Nevada Restaurant Services, Inc. ("Defendant") has continuously been doing business in the State of Nevada, Clark County.

6.    At all relevant times, Defendant has continuously been a corporation doing business in the State of Nevada and has continuously had at least fifteen (15) employees.

7.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8.    Defendant owns and operates a chain of gambling parlors in taverns, bars, convenience stores, and several hotel casino and resort facilities in Nevada, Oregon, and Illinois, including the Laughlin River Lodge Hotel & Casino in Laughlin, Nevada.

9.    In each calendar year from 2019 through the present, Defendant has continuously employed at least five-hundred (500) employees.

10.    At all relevant times, Defendant employed all the Claimants.

11.    At all relevant times, Defendant controlled the terms and conditions of employment of all the Claimants.

12.    All acts and failures to act alleged herein were duly performed by and attributable to all Defendant(s), each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved, and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such

allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

13.     Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

**ADMINISTRATIVE PROCEDURES**

14.     More than thirty days prior to the institution of this lawsuit, a Charging Party filed charge(s) of discrimination with the Commission alleging violations of Title VII by Defendant.

15.     Defendant received a copy of the charge(s) of discrimination, and participated in the Commission's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents.

16.     On August 31, 2022, the Commission issued a Letter of Determination to Defendant, finding reasonable cause to believe that Defendant violated Title VII with respect to a class of aggrieved individuals. The Commission further invited Defendant to join with it in informal methods of conciliation in a collective effort towards a just resolution.

17.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination on terms acceptable to the Commission.

18.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

3

19.   On January 13, 2023 the Commission issued Notices of Failure of Conciliation to Defendant.

20.   All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

21.   Charging Party, a female, was employed as a hostess and server at Nevada Restaurant Services, Inc. dba as the Laughlin River Lodge Hotel & Casino from January 2019 until January 2020 when she was forced to separate from her employment.

<u>Sexual Harassment</u>

22.   Since at least 2019, Defendant has engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a) by subjecting Charging Party and a class of male and female aggrieved individuals to ongoing, unwelcome, severe, and pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex.

23.   Charging Party and a class of aggrieved female employees, including, but not limited to, hostesses, servers, cooks, and housekeeping staff were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct of a sexual nature by, including but not limited to, Defendant's cooks, chefs, housekeeping staff, and front desk staff. Over a span of years, Defendant facilitated a workplace permeated with constant sexual hostility, ridicule, and intimidation resulting in aggrieved individuals being forced to work in an abusive and sexually hostile work environment. The physical and verbal sexual harassment include, but are not limited:

     a.   Male employees subjected female employees to unwanted physical sexual advances including, but not limited to, attempted rape of a 19 year old female employee, groping female employees' breasts, buttocks and vaginas, masturbating in front

4

of female employees, stalking female employees outside the workplace, or trapping them in tight spaces within the workplace such as walk-in refrigerators or locked hotel rooms in order to make unwanted sexual advances.

b.   Male employees constantly subjected female employees to sexually offensive comments, including but not limited to: requests for sexual favors and dates, and comments such as "hey sweetheart;" "ah you look cute today;" "I wanna take you to my house and fuck you;" "wiggle that ass a little more;" "you look hot making that bed;" "bend over a little more;" "you have big ass;" "you look hot cleaning the bathroom;" "your butt looks super cute in those pants;" and "fucking fat bitch," as well as offering a female employee cash for sex by thrusting cash at her while making sexually suggestive comments.

c.   A female employee constantly requested that male employees touch her vagina by lifting her apron and asking them to "pet [her] kitty." This female employee also made lewd sexual comments about male escorts and repeatedly groped male employees by coming up behind them to reach around and grab their genitalia.

24.   Since at least 2018, Defendant knew or should have known of the hostile work environment at the workplace. The sexually charged and inappropriate actions and comments by the male and female harassers were ubiquitous, open, frequent, and consistent in nature. Such behavior and comments were often within earshot or plain sight of Defendant's managers and supervisors.

25.   As early as 2018, various members of the class of aggrieved individuals complained verbally and in writing to Defendant's supervisors and

Human Resources Department about the harassment and hostile work environment they endured.

26. Despite having actual and constructive notice of the harassment herein, Defendant failed and refused to take prompt corrective action reasonably calculated to stop the sexual harassment and the resulting hostile work environment.

27. Defendant did not properly handle the complaints made by aggrieved employees. Defendant failed to a) investigate and respond to complaints, b) engage in necessary remedial measures to stop the harassment and prevent further harm, and c) assure the complainants that they would be protected. In response to Charging Party's complaints, Defendant's Human Resources representative accused her of lying about her sexual harassment allegations. After a male employee told the female harasser to stop asking him to pet her private parts, she threatened to have him fired because she had more seniority. After a 19-year-old female housekeeper complained to Human Resources about being repeatedly blocked into the hotel rooms she was cleaning by her harasser, who would grope her breasts, rub himself against her and threaten to rape her, she was reprimanded the next day for supposedly not cleaning thoroughly enough when she was traumatized by the harassment and told if it happened again, she would be fired. After another female housekeeper verbally complained in 2022 about being sexually harassed by the same male employee, including being touched on the vagina and breasts, she was told "he [the male harasser] means no harm."

28. As a result of Defendant's repeated failures to take prompt and effective remedial measures since at least 2018, the sexual harassment continued unabated. The harassment was unwelcome and sufficiently severe or pervasive to alter the terms and conditions of the aggrieved employees' employment and created a hostile work environment.

<u>Constructive Discharge</u>

29.     Defendant's unlawful practices also included subjecting Charging Party and a class of aggrieved employees to constructive discharge in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a). Despite their multiple complaints, Defendant's a) continuing failure to promptly implement remedial measures reasonably calculated to stop the harassment, b) tolerating and allowing harassment to continue, and c) failure to assure the complainants that they would be protected from further harassment and harm, Charging Party and a class of aggrieved individuals were forced to resign. The sexual harassment was sufficiently severe and/or pervasive to alter their working conditions and create an abusive working environment. After being sexually harassed, up to and including attempted rape, and stalked at work, some feared for their personal safety and could no longer reasonably tolerate the working conditions.

30.     The effect of the practices complained of above has been to deprive the class of aggrieved individuals of equal employment opportunities and otherwise adversely affect their working conditions because of their sex.

31.     The unlawful employment practices complained of above were intentional.

32.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party and class of aggrieved employees.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices in violation of Section 703(a) of Title VII.

7

B.    Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful practices in violation of Section 703(a) of Title VII.

C.    Order Defendant to make whole Charging Party and class of aggrieved individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to back pay.

D.    Order Defendant to make Charging Party and class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

E.    Order Defendant to make Charging Party and class of aggrieved individuals whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by Charging Party and other adversely affected individuals which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

F.    Order Defendant to pay the Charging Party and class of aggrieved individuals punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission the costs of this action.

///

///

///

8

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  August 24, 2023                    Respectfully Submitted,


                                           GWENDOLYN YOUNG REAMS,
                                           Acting General Counsel

                                           CHRISTOPHER LAGE,
                                           Deputy General Counsel

                                           U.S. EQUAL EMPLOYMENT
                                           OPPORTUNITY COMMISSION
                                           131 "M" Street, N.E.
                                           Washington, D.C. 20507


                         By:    _____
                                           ANNA Y. PARK,
                                           Regional Attorney
                                           Los Angeles District Office

9