KIRSTEN A. MILTON, ESQ
Nevada Bar No. 14401
RICHARD J. MRIZEK, ESQ. (*pro hac vice forthcoming*)
ANDREW D. WELKER, ESQ (*pro hac vice forthcoming*)
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: Kirsten.Milton@jacksonlewis.com
Email: Richard.Mrizek@jacksonlewis.com
Email: Andrew.Welker@jacksonlewis.com

*Attorneys for Defendant*
*Nevada Restaurant Services, Inc.,*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>NEVADA RESTAURANT SERVICES, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-01307-GMN-NJK<br><br><br>**ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

Defendant, NEVADA RESTAURANT SERVICES, INC. ("Defendant"), by and through its attorneys, in an answer to Plaintiff's U.S. Equal Employment Opportunity Commission's ("Plaintiff" or "EEOC") Complaint – TITLE VII CIVIL RIGHTS ("Complaint"), states as follows:

## NATURE OF THE ACTION

Defendant is not required to respond to this unnumbered paragraph of Plaintiff's Complaint. To the extent that a response is necessary, Defendant admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 as amended ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I") against Defendant and DOES 1-10 on behalf of the Charging Party and class of male and female Claimants. Defendant denies that it committed any unlawful acts, and

1

Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations with respect to DOES 1-10 and therefore denies them and any remaining allegations contained in the unnumbered Paragraph of the Complaint.

## JURISDICTION AND VENUE

1.    Defendant admits that the Court has jurisdiction over this action but denies that it committed unlawful acts that give rise to liability, and denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the EEOC has the authority to bring claims pursuant to these statutes, but denies it has the authority under the facts and circumstances present here and denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    Defendant admits that Plaintiff purports to allege that Defendant engaged in unlawful employment practices within the jurisdiction of the United States District Court for the District of Nevada.  Defendant denies that it engaged in any unlawful employment practices or violated the law in any way and denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

4.    Defendant admits that Plaintiff is an agency of the United States of America. Further answering, Paragraph 4 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent that Paragraph 4 of Plaintiff's contains any remaining allegations, Defendant denies same.

5.    Defendant admits that it has continuously been doing business in the State of Nevada, Clark County during the alleged period relevant to the claims alleged in Plaintiff's Complaint.  Except as expressly admitted herein, Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.    Defendant admits that it is a corporation doing business in the State of Nevada. Defendant also admits that, during the alleged period relevant to the claims alleged in Plaintiff's Complaint it had at least 15 employees.  Except as expressly admitted herein, Defendant denies

2

the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that, during the alleged period relevant to the claims alleged in Plaintiff's Complaint, it has been an employer engaged in an industry affecting commerce within the meaning of Title VII. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegation contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegation contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to whether it employed all the Claimants and/or the period in which those unidentified individuals were purportedly employed. Therefore, Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to whether it employed the unidentified Claimants, and therefore, denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, and therefore, denies the allegations contained in Paragraph 13 of the Complaint.

## ADMINISTRATIVE PROCEDURES

14. Defendant admits that on June 18, 2020 Nellie J. Tolby filed a Charge of Discrimination with the EEOC. The Charge of Discrimination referenced in Paragraph 14 speaks for itself. To the extent that Paragraph 14 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

15. Without admitting to the sufficiency of the investigation or accuracy of its results, Defendant admits that it received a copy of Nellie J. Tolby's Charge of Discrimination and participated in the Commission's investigation. To the extent that Paragraph 15 of Plaintiff's

3

Complaint contains any remaining factual allegations, Defendant denies same.

16. Without admitting the sufficiency of the investigation or the accuracy of its results, Defendant admits that on August 31, 2022 the Commission issued a Letter of Determination to Defendant. The Letter of Determination referenced in Paragraph 16 of Plaintiff's Complaint speaks for itself. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Without admitting the sufficiency of the investigation or conciliation process, Defendant admits that the Commission did not secure a conciliation agreement with Defendant. Defendant lacks knowledge and therefore denies the remaining allegations in Paragraph 18.

19. Defendant admits that the EEOC issued a Notice of Failure of Conciliation on January 13, 2023. The Notice of Failure of Conciliation referenced in Paragraph 19 of Plaintiff's Complaint speaks for itself.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

### **STATEMENT OF CLAIMS**

21. Defendant admits that Nellie J. Tolby identifies as a female, was employed by Defendant as a hostess at Laughlin River Lodge from January 24, 2019 until January 10, 2020. Defendant denies the remaining allegations in Paragraph 20 of Plaintiff's Complaint.

#### Sexual Harassment

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint and all subparts.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff' Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

<u>Constructive Discharge</u>

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

33. Defendant denies the allegations contained in the "Prayer for Relief" paragraph of the Complaint, including all subparts, and specifically denies that Plaintiff is entitled to any of the relief sought.

**JURY TRIAL DEMAND**

34. Defendant admits that Plaintiff requests a "jury trial on all questions of fact raised by its complaint." Defendant denies there are issues of fact to be decided by a jury and denies the allegations contained in the "Jury Trial Demand" paragraph in the Complaint.

35. Defendant denies every allegation contained in Plaintiff's Complaint unless specifically admitted herein, including any factual allegations contained in the headings of Plaintiff's Complaint.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof as to any or all of these defenses.

1.      Plaintiff's Complaint and each cause of action asserted therein, are barred by the affirmative defenses set forth under Fed. R. Civ. P. 8(c) and any other applicable affirmative defense not specifically set forth therein.

2.      The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

3.      This Court lacks jurisdiction to consider the alleged claims and lacks jurisdiction to consider this action.

4.      Plaintiff, Charging Party, and Claimants failed to exhaust their administrative, statutory, arbitration, and/or contractual remedies.

5.      Plaintiff, Charing Party, and Claimants' claims are barred by the applicable statutes of limitations.

6.      All actions allegedly taken toward Charging Party and Claimants were taken for legitimate non-discriminatory reasons.

7.      Plaintiff's claims are barred, in whole or in part, because the EEOC has failed to satisfy conditions precedent to suit with respect to the claims asserted in this lawsuit.

8.      The Court lacks subject matter jurisdiction over any allegations and claims that fall outside the scope of the EEOC's actual investigation, determination, notice, or consolidation process and/or that arise from an investigation that could not have been reasonably expected to grow out of Charging Party's Charge of Discrimination.

9.      Plaintiff's claims are barred, in whole or in part, to the extent that the EEOC provided no notice of an administrative charge, investigation, or determination regarding the subject matter of the claims to Defendant and failed to conciliate such claims.

10.     Any claims asserted by Plaintiff, Charging Party, and Claimants that arose more than 300 days before the charge of discrimination was filed are barred by the statute of limitations.

11. The claims asserted by Plaintiff are barred, in whole or in part, because it seeks relief for discrete acts that cannot fall within the continuing violation doctrine and are therefore time-barred.

12. The claims are barred to the extent that any of the individuals on whose behalf Plaintiff seeks relief have failed to exercise reasonable care and diligence to mitigate their damages and/or back pay losses, if any.  In addition, damages and/or back-pay losses, if any, should be reduced by any and all interim earnings and additional amounts that such individuals did earn or could have earned in the interim if they had satisfied their duty to mitigate damages.

13. Plaintiff is not entitled to damages in excess of the scope of permissible damages and remedies, and/or where they are not otherwise available, under the laws upon which its claim rests.

14. Defendant made reasonable and good-faith efforts to comply with federal anti-discrimination and anti-harassment laws.  Although Defendant denies that any of the unlawful actions alleged by Plaintiff were taken, to the extent they were, they were contrary to Defendant's good-faith efforts to comply with federal laws.

15. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior, and the individuals on whose behalf Plaintiff seeks relief unreasonably failed to take advantage of preventative and corrective opportunities and procedures provided by Defendant or to avoid harm otherwise.

16. Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and to the extent Defendant took any employment actions relating to any individual for whom Plaintiff seeks relief, Defendant had legitimate and non-discriminatory reasons for any employment actions.

17. Plaintiff's and/or Charging Party's and/or Claimants' claims are barred by the doctrine(s) of release, estoppel, consent, waiver, and/or laches.

18. Plaintiff's and/or Charging Party's and/or Claimants' claims are barred by the doctrine of unclean hands.

19.    Defendant objects to Plaintiff's request for a jury trial with respect to any claim, issue, or element of relief to which Plaintiff is not entitled to a trial by a jury as a matter of law.

20.    Plaintiff's claims for damages must be reduced or dismissed to the extent that after-acquired evidence demonstrates that any individual for whom Plaintiff seeks relief engaged in conduct that would have otherwise resulted in the termination of his/her employment.

21.    To the extent any individual for whom Plaintiff seeks relief suffered any damages or losses for which he/she seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by that individual's own acts, conduct, or omissions or the acts, conduct or omissions of third parties.

22.    Pleading in the alternative, to the extent that Plaintiff can prove to the satisfaction of the trier-of-fact that any improper motive was a factor in relevant employment decisions. Defendant would have made the same employment decisions regarding any individual for whom Plaintiff seeks relief regardless of any alleged improper motive.

23.    Defendant did not subject Charging Party, Claimants, or any other employees to sexual harassment or a hostile work environment.

24.    If the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendant, that Defendant is not liable under concepts of respondeat superior, nor is Defendant vicariously liable.

25.    Plaintiff's claims may be barred, reduced and/or limited pursuant to applicable statutory, constitutional and common law regarding limitations of awards, caps on recovery and set-offs.

26.    Plaintiff's Complaint fails to state fact sufficient to justify an award of punitive damages.

27.    Punitive damages are unconstitutional in general and as applied to Defendant.

28.    Punitive damages constitute excessive fines prohibited by the United States and the Nevada Constitutions.  The relevant statutes do not provide adequate standards or safeguards for their application and they are void for vagueness under the due process clause of the Fourteenth

8

Amendment of the United States Constitution and in accordance with Article I, Section 8 of the Nevada Constitution.

29.    Punitive damages are not appropriate because the alleged misconduct would be contrary to Defendant's good faith efforts to comply with Title VII.

30.    The claims asserted are precluded by the statute of limitations and/or laches.

31.    Defendant took no tangible employment action against Charging Party.

32.    Defendant took reasonable steps to prevent harassment and/or discrimination from occurring.

33.    Assuming *arguendo* that harassment and/or discrimination occurred, Defendant did not know, nor should it have known, of the allegedly discriminatory and/or harassing conduct.

34.    Charging Party interfered and/or refused to participate in Defendant's reasonable efforts to investigate her charges, and is thereby estopped from asserting claims arising out of Defendant's alleged wrongful conduct.

35.    Charging Party and Claimants failed to give adequate notice of any alleged harassment.

36.    Because the Complaint is couched in conclusory and vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses, as they may become known to it during the course of this litigation.

**WHEREFORE,** Defendant Restaurant Services, Inc., having fully answered Plaintiff's Complaint, respectfully requests that this Court enter judgment in its favor as follows:

1.    Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2.    Deny every demand, claim, and prayer for relief contained in Plaintiff's Complaint;

/ / /

/ / /

/ / /

9

3.    Award Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless action; and

4.    Grant such other and further relief as the Court may deem just and proper.

Dated this 18th day of December, 2023.

JACKSON LEWIS P.C.

/s/ *Kirsten A. Milton*
KIRSTEN A. MILTON, ESQ
Nevada Bar No. 14401
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant Nevada Restaurant Services, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 18th day of December 2023, I caused to be served via the Court's CM/ECF Filing, a true and correct copy of the above foregoing **ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** properly addressed to the following:

Anna Y. Park, CA SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, CA SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, CA SBN 319557
taylor.markey@eeoc.gov
Connie K. Liem, TX SBN 791113
connie.liem@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012

*Attorneys for Plaintiff*

/s/ Kelley Chandler
An Employee of Jackson Lewis P.C.

11