KIRSTEN A. MILTON, ESQ
Nevada Bar No. 14401
RICHARD J. MRIZEK, ESQ. (*admitted pro hac vice*)
ANDREW D. WELKER, ESQ (*pro hac vice forthcoming*)
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: Kirsten.Milton@jacksonlewis.com
Email: Richard.Mrizek@jacksonlewis.com
Email: Andrew.Welker@jacksonlewis.com

*Attorneys for Defendant*
*Nevada Restaurant Services, Inc.,*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br>     vs.<br><br>NEVADA RESTAURANT SERVICES, INC., and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.: 2:23-cv-01307-GMN-NJK<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF EEOC'S MOTION TO COMPEL DEFENDANT NEVADA RESTAURANT SERVICES, INC.'S RESPONSES TO EEOC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES** |

**COMES NOW**, Defendant Nevada Restaurant Services, Inc. ("NRSI"), by and through its undersigned counsel, hereby submits Defendant's Response in Opposition to Plaintiff EEOC's Motion to Compel Defendant Nevada Restaurant Services, Inc.'s Responses to EEOC's First Set of Requests for Production of Documents and First Set of Interrogatories. For the reasons outlined below, the information EEOC seeks to compel is beyond the scope of lawsuit, the scope of EEOC's investigation and statutory authority, and is unduly burdensome. EEOC's motion must be denied.

1

## I. INTRODUCTION

Three months before the end of discovery EEOC seeks to expand this litigation from nine claimants who worked in two departments at one facility into a nationwide case by seeking to compel nationwide information well beyond the scope of the complaint, the underlying investigation which defines the scope of the litigation, and any information disclosed so far in discovery. EEOC's complaint does not seek relief for a nationwide class. *See* ECF No. 1, ¶¶ 21-32. Nor could it, since the statutory scope of EEOC's litigation is limited to the scope of the underlying investigation which was limited to two departments at a single location. Nationwide discovery is improper, unduly burdensome, and beyond the scope of this litigation. EEOC's motion should be denied.

Defendant has provided responsive information related to the two departments at Laughlin River Lodge that the EEOC investigated. Defendant has also agreed to provide information through December 31, 2023. Thus, Defendant has agreed to produce all relevant documents and information for these two departments for this extended time period. The parameters of this production is fully within the scope of the litigation which is defined by the complaint and EEOC's investigation ending on August 31, 2022, which was limited to two departments the Laughlin River Lodge.[1] What Defendant has not done, and what this Court cannot compel, is to provide information nationwide for an unending time period outside the scope of the complaint and beyond the EEOC's statutory authority to litigate.

## II. BACKGROUND

This case involves claims brought by the EEOC against Defendant for sexual harassment and hostile work environment arising out of a single charge of discrimination filed by Nellie Tolby who worked at Defendant's Laughlin River Lodge Hotel & Casino location at its Bighorn Café.

Tolby filed a charge of discrimination on June 18, 2020, alleging sexual harassment from one on her male co-workers. *See* Declaration of Kirsten A. Milton ("Milton Dec."), ¶3, attached

---

[1] EEOC's request for the Court to compel a privilege log is not ripe. Defendant is willing to provide a log for any privileged documents created until the date the lawsuit was filed which have been withheld. Defendant is also waiting for EEOC to provide its privilege log.

as Exhibit A and Charge of Discrimination, attached as Exhibit 1 to Milton Dec. The EEOC conducted an investigation into this charge over the next 18 months. During the course of its investigation, EEOC only sought information about and spoke to employees who worked in the Food and Beverage and Housekeeping departments at Laughlin River Lodge. Milton Dec. ¶4.

EEOC issued three RFIs, all of which focused solely on two departments at Laughlin River Lodge. *See* Milton Dec. ¶4. EEOC, in its March 21, 2021, request for information, asked for the correct name of the facility identified in the charge, and Defendant clarified it was Laughlin River Lodge Hotel & Casino. *See* Milton dec. ¶5, April 21, 2021, response to RFI, attached to Milton Dec. as Exhibit 2. EEOC asked about no other facility. *Id*. When EEOC asked for information of other complaints of sexual harassment, it asked only for complaints of "any employe in the *facility* engaged in sexual harassment." *Id*., Request 2 (emphasis added). When asking for employee information, EEOC's request focused solely on "employees in EDR Kitchen, Housekeeping, and the Big Horn Café" at Laughlin River Lodge. *Id*., Request 3. EEOC sought to interview seven employees, all of whom worked at Laughlin River Lodge. *Id*.

EEOC submitted a subsequent Request for Information on May 24, 2022, to which Defendant responded on June 2, 2022. *See* Milton Dec. ¶6, June 2, 2022, response to RFI, attached to Milton Dec. as Exhibit 3. This request focused on additional information pertaining to the Housekeeping department at Laughlin River Lodge. *Id*. EEOC expanded its investigation beyond the EDR Kitchen and Big Horn Café at Laughlin River Lodge by seeking information regarding employees who worked in Laughlin River Lodge's Housekeeping department. Defendant provided EEOC a list of employees for Laughlin River Lodge Housekeeping department, by responding to EEOC'S June 6, 2022, Request for Information. *See* Milton Dec. ¶7, June 8, 2022, response to RFI, attached as Exhibit 4. EEOC requested no further information and closed its investigation when EEOC issued a Letter of Determination on August 31, 2022. *See* Milton Dec. ¶8, Letter of Determination attached to Milton Dec. as Exhibit 5.

EEOC's letter of determination stated that the agency found male and female individuals were subjected to sexual harassment and constructive discharge. Though EEOC said it made its findings "on a company-wide basis," EEOC did not identify any other department or location

beyond those investigated during its investigation.  On October 4, 2022, EEOC presented Defendant with its conciliation proposal. Milton Dec. ¶8. This proposal identified nine alleged aggrieved individuals who worked at in the food and beverage or housekeeping department at the Laughlin facility. Milton Dec. ¶8.  The proposal also asked for relief for up to twenty (20) "yet to be identified individuals," but provided no information as to where those alleged individuals worked or how they would be identified.  *Id*.

EEOC filed this litigation on August 24, 2023, alleging sexual harassment and constructive discharge for a class of aggrieved male and female individuals. *See* Complaint, ECF No. 1.  In the Complaint EEOC mentions no location other than Laughlin River Lodge.  *Id*., ¶¶ 21-32.    On February 2, 2024, this Court entered the parties' stipulated discovery plan that set discovery to close on December 12, 2024.  ECF No. 18.  On February 15, 2024, Defendant asserted its objections to EEOC seeking information beyond the scope of the two departments and one location subject to the EEOC's investigation that ended in August 2022.  EEOC's discovery responses confirmed that EEOC only has claims regarding the two departments at Laughlin River Lodge.  Milton Dec. ¶9. In response to Defendant's request to identify who EEOC alleges was subject to harassment and who it alleges engaged in harassment, EEOC identified nine potential claimants – all who were identified in the investigation as working at Laughlin River Lodge, and only two identifiable potential harassers, Gerardo Villatoro-Rios and Gina Preciado, both who worked at Laughlin.[2] Milton Dec. ¶9, Plaintiff EEOC's Response to Defendant's First Set of Interrogatories to Plaintiff, June 20, 2024, attached  to Milton Dec. as Exhibit 6, Answers to Interrogatory 3, 4.

EEOC, three months before the close of discovery, is now moving to compel nationwide discovery for the first time since this charge was filed in 2020.  Defendant has twelve different branding concepts, which span from single bartender locations with limited gambling options to resort/casinos like Laughlin River Lodge, which has a 41,000 square foot casino and 1,000 hotel rooms.  Milton Dec. ¶10.  Laughlin River Lodge is a standalone resort/casino with multiple dining

---

[2] EEOC also lists non-specific allegations concerning William Washington but provides no last names for any alleged harasser.

4

and gaming options, including slot machines, digital gaming options, and a sports bar, which is very different from other properties. *Id*. Defendant has approximately 180 separate locations nationwide. *Id*. Obtaining information regarding these 180 locations would be a substantial burden Defendant and would consume significant time and resources. *Id*.

### III.     ARGUMENT

Three months before the end of the discovery, EEOC now seeks *nationwide* discovery in a case that has always been about allegations concerning the work environment at two departments at one location. EEOC's complaint never identified any other location, let alone nationwide allegations, before filing suit and EEOC's underlying investigation of harassment claims was limited to two departments within a single location in Laughlin, Nevada. Such expansion from two discreate departments within a single location to *nationwide* discovery seeking information for over 300 disparate locations is improper and beyond EEOC's statutory authority.

#### A.     EEOC's Complaint does not allege nationwide allegations.

Contrary to EEOC's arguments in its motion, EEOC's Complaint does not clearly allege that is seeking relief for a nationwide class. Compare EEOC's Motion to Compel (ECF No. 28), p. 35, with Complaint (ECF No. 1). In Paragraph 2 of the Complaint, EEOC notes that Charging Party was employed at Laughlin River Lodge. ECF 1, ¶21. In Paragraph 22 of the Complaint, EEOC said it alleges a "hostile work environment because of sex." *Id*. at ¶22. Paragraph 23 discuss a singular "workplace" which created a hostile work environment. *Id*. at ¶23. None of the allegations implicates multiple locations or multiple workplaces, let alone allegations that spread nationwide. *See Id*. ¶¶ 21-32.

Once in litigation, it is further clear that EEOC has no information beyond those two departments. EEOC in the present case has only identified claimants in this lawsuit who worked in the two departments at the Laughlin resort. *See* Milton Dec. ¶9, Ex. A. In *EEOC v. American Samoa Gov't*., the court limited the scope of the claims EEOC could pursue to one department noting that the EEOC had only identified two employees of the that department as the only known claimants in this case. *EEOC v. American Sam. Gov't*, No. 11-00525 JMS/RLP, 2012 U.S. Dist. LEXIS 144324, at *13 (D. Haw. Oct. 5, 2012). All information provided by EEOC so far has been

limited to claims related to employees and alleged harassers who have worked for the Food and Beverage and Housekeeping departments at the Laughlin River Lodge.

EEOC's broad geographic requests are beyond than allegations raised in EEOC's complaint. These requests are beyond the scope of the claims in this case and EEOC's request for this information should be denied.

### B.    EEOC cannot seek relief for claimants beyond the scope of its underlying investigation.

EEOC's litigation efforts are limited to its satisfaction of administrative prerequisites. "[B]efore it can initiate civil litigation, Title VII requires the EEOC to (1) receive a charge from an individual and to notify the employer of the charge, (2) investigate that charge and related charges, (3) determine that 'reasonable cause' exists to believe that discrimination occurred, and (4) attempt conciliation of all charges against the employer." *EEOC v. Dillard's Inc.,* No. 08-CV-1780-IEG (PCL), 2011 U.S. Dist. LEXIS 76206, at *19-20 (S.D. Cal. July 14, 2011). EEOC's ability to bring suit is limited to potential violations discovered through the EEOC's investigation. *See Gen. Tel. Co. v. EEOC,* 446 U.S. 318, 331 (1980) ("Any violations that the EEOC ascertains in *the course of a reasonable investigation* of the charging party's complaint are actionable.") (emphasis added); *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) ( "The district court had subject matter jurisdiction over Estrada's allegations of discriminatory layoff if that claim fell within the scope of the EEOC's actual investigation or an 'EEOC investigation which can reasonably be expected to grow out of the charge of discrimination'"); *EEOC v. Hearst Corp., Seattle Post-Intelligencer Div.*, 553 F.2d 579, 580 (9th Cir. 1976) ("so long as discovery of the new discrimination *arises out of the reasonable investigation of the charge filed*, it can be the subject of an EEOC "reasonable cause' determination"); *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 675 (8th Cir. 2012) ("to allege claims in federal court based on the results of its investigations,' we find 'a clear and important distinction between 'facts gathered during the scope of an investigation and facts gathered during the discovery phase of an already-filed lawsuit.'"); *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 832 (7th Cir. 2005) ("the Commission may, to the extent warranted by an investigation reasonably related in scope to the allegations of the underlying charge, seek relief on behalf of individuals

beyond the charging parties *who are identified during the investigation.*") (internal quotation omitted) (emphasis added); *Dillard*, 2011 U.S. Dist. LEXIS 76206, at *21 ("The EEOC may seek relief on behalf of individuals beyond the charging parties and for alleged wrongdoing beyond those originally charged; however, the EEOC must discover such individuals and wrongdoing *during the course of its investigation.*") (emphasis in the original).

### 1. EEOC's litigation authority is limited to the geographic scope of its investigation.

This well-established standard limits EEOC's suit to the geographic scope addressed in the underlying investigation and courts have denied EEOC's request to expand a suit when EEOC's investigation focused on a single department or location. "[T]the scope of its pre-litigation efforts are limited—in terms of geography, number of claimants, or nature of claims—the EEOC 'may not use discovery in the resulting lawsuit 'as a fishing expedition to uncover more violations.'" *Dillard's*, 2011 U.S. Dist. LEXIS 76206, at *25. Courts have repeatedly denied EEOC's attempts a nationwide class if the investigation was limited to two departments at a single location. *Dillard's,* 2011 U.S. Dist. LEXIS 76206, at *26 ("the EEOC's pre-litigation efforts [focused on one store] failed to provide sufficient notice that Dillard's potentially faced claims on behalf of a nationwide class"); *EEOC v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1264 (D. Colo. 2007) ("the EEOC has failed to carry its burden of showing that its investigation put Defendants on notice of the national scope of the potential claims against Defendants."); *EEOC v. Jillian's of Indianapolis, IN, Inc.*, 279 F. Supp. 2d 974, 980 (S.D. Ind. 2003) ("The EEOC's investigation of the four charges was conducted entirely with respect to Jillian's Indianapolis. Its Amended Complaint, alleging a nationwide class, has insufficient basis in its actual investigation."). Indeed, EEOC can cite to no case where a geographically limited investigation of a hostile work environment supported a nationwide hostile work environment enforcement action.

In *EEOC v. Dillard's Inc.*, the Court rejected EEOC's efforts to seek relief nationwide when its investigation focused solely on one location. *Dillard's Inc.*, 2011 U.S. Dist. LEXIS 76206, at *25. The court found that "EEOC provided no affirmative indication during its investigation or conciliation efforts that its allegations might result in nationwide claims on behalf of current and

former Dillard's employees." *Id*. at \*26. Similarly, in *EEOC v. American Sam. Gov't*, EEOC sought to expand its case to every department within the Samoan government. *Am. Sam. Gov't*, 2012 U.S. Dist. LEXIS 144324, at \*25.  The court rejected EEOC's requests because its actual investigation was limited to single department.  "The EEOC may not attempt to expand its claims through discovery — its investigation was limited to age discrimination claims within the DHR, and it may not use this lawsuit 'as a 'fishing expedition' to uncover more violations." *Id.*, at \*25-26.

The scope of EEOC's investigation in this case limited to the Food and Beverage and the Housekeeping departments at the Laughlin Lodge Resort.  EEOC only spoke to witnesses, gathered information, and obtained contact information for employees working within those two departments at Laughlin Lodge.  *See* Milton Dec. ¶¶ 4-7. EEOC has no basis to expand its litigation beyond those departments.  *See EEOC v. Am. Sam. Gov't,* 2012 U.S. Dist. LEXIS 144324, at \*7 (finding that "EEOC interviewed eight DHR employees, and sought interviews from an additional three DHR employees" insufficient investigation to bring suit on all departments).  EEOC never sought to obtain wider information during the investigation.  If it had, Defendant would have had a chance to challenge the expansion at that time.  *See EEOC v. Scottsdale Healthcare Hosps.*, No. CV-20-01894-PHX-MTL, 2021 U.S. Dist. LEXIS 191099, at \*9 (D. Ariz. Oct. 4, 2021) ("Had HonorHealth 'believed that the EEOC's investigation exceeded the permissible statutory scope, it could have refused the EEOC's demand for access and sought adjudication of its rights.'").

## 2. **EEOC's Inclusion of "companywide in its Letter of Determination was not notice of a nationwide investigation.**

EEOC's last minute inclusion in its determination that its findings are "against Respondent on a company-wide basis" does not override the geographic limitations of its investigation. *See Dillard's,* 2011 U.S. Dist. LEXIS 76206, at \*26; *Outback Steak House*, 520 F. Supp. 2d at 1264; *Jillian's of Indianapolis*, 279 F. Supp. 2d at 980. Furthermore, EEOC's vague Letter of Determination did not put Respondent on notice of any class beyond the departments in Laughlin. As the Ninth Circuit has pointed out, "in order to satisfy its pre-suit conciliation requirements, the EEOC must identify 'what the employer has done and *which employees (or what class of employees)* have suffered as a result.'" *Ariz. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1200

(9th Cir. 2016) (emphasis added).

EEOC claims the existence of a corporate harassment policy, addressing the Letter of Determination to a corporate officer, or the existence of a corporate human resources department is sufficient to justify nationwide litigation stemming from a hostile work environment in two departments. This argument was specifically rejected in *Dillard's*. "Presence of nationwide policy does not create nationwide case/ inquiry as to whether the policy in question was companywide." *Dillard's*, 2011 U.S. Dist. LEXIS 76206, at *26. In *Dillard's*, the court also rejected arguments that communicating with the company headquarters during the investigation and asking if policies were companywide constituted a nationwide investigation. *Id*. at 23, 26. The court further noted that communications "generically to other 'similarly-situated' individuals" did not constitute notice of a nationwide class. *Id*. at 26. EEOC cannot construct a nationwide investigation merely because there is a corporate harassment policy and it has a corporate human resources department.

### 3. EEOC's cited caselaw does not support its expansion to a nationwide sexual harassment case.

EEOC's reliance on the *Lucky Stores* and *American National Bank* decisions are not supportive of its argument. First, neither of these cases involved expansion to nationwide litigation. *Lucky Stores* involved the inclusion of two additional facilities. *American National Bank* involved on additional location. Second, both cases, unlike the present case, found evidence that the investigation supported the scope of the litigation. In *Lucky Stores*, the court noted that the other facilities had "merged into the named facility prior to the filing of the original charge." *Lucky Stores, Inc. v. EEOC*, 714 F.2d 911, 912 (9th Cir. 1983). In *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1186 (4th Cir. 1981), the Fourth circuit found that both locations were "subject to unified supervision and control and using similar hiring practices."

Further, EEOC does not allege that this case stems from a written corporate policy or practice causing discrimination, but rather that employees were subjected to a hostile work environment and were constructively discharged. *See* ECF No. 1 at ¶¶ 21-32. Analyzing harassment is an individualized process and courts have questioned as to whether harassment could be litigated on a class basis. *See, e.g.*, *Howard v. Cook Cty. Sheriff's Office*, 989 F.3d 587, 604 (7th

Cir. 2021) (reversing class certification of sexual harassment claims noting that "questions of whether these two employees have endured objectively severe or pervasive harassment 'must be answered separately' because they depend on 'individualized questions of fact and law,' whose 'answers are unique to each [class member's] particular situation.'"). A broad, multi-location sexual harassment case is improper. First, EEOC does not have any evidence that there are other claims nationwide, because it never investigated companywide harassment. Second, even if it did, it would be unmanageable to expand the litigation to include completely unrelated allegations, with different alleged harassers, different work environments, and different human resources coordinators receiving complaints and conducting infestations. Such an approach is unworkable and completely unrelated to the discrete allegations that were subject to the EEOC's investigation.

EEOC's other cited caselaw does not support expansion of this lawsuit beyond the scope of the investigation. ECF No. 28 at 36. Instead, EEOC's cited cases address only arguments about the sufficiency of the investigation or of the conciliation which is not at issue. *See EEOC v. Bass Pro Outdoor World, L.L.C.*, 826 F.3d 791, 805 (5th Cir. 2016) (finding EEOC's conciliation "efforts were sufficient"); *EEOC v. Sterling Jewelers Inc.,* 801 F.3d 96, 98 (2d Cir. 2015) ("Under Title VII, courts may review whether the EEOC conducted an investigation, but not the *sufficiency* of an investigation.") (emphasis added); *EEOC v. Gold River Operating Corp.*, No. 2:04-cv-01349-LRL, 2007 U.S. Dist. LEXIS 24597, at *9 (D. Nev. Mar. 30, 2007) (defendants "may not litigate the *adequacy* of the EEOC's investigation and determination") (emphasis added); *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 397 (E.D. Cal. 2009) (addressing EEOC's presentation of 30(b)(6) witness, not scope of investigation).

To the contrary, these cases further show that Courts must determine the scope of litigation based on the scope of EEOC's investigation. The Second Circuit in *Sterling* specifically found evidence of a nationwide investigation. The court noted that "the agency must show that it undertook to investigate whether there was a basis for alleging such widespread discrimination." *Sterling Jewelers*, 801 F.3d at 101. In contrast to "the limited geographic scope of the investigations in Out*back Steak House* and *Jillian's*, there was reason to believe the employers did not have notice that the EEOC would bring suit on behalf of a nationwide class." *Sterling Jewelers*, 801 F.3d at

104. Similarly, in *EEOC v. Bass Pro Outdoor World,* 826 F.3d at 806, the Fifth Circuit found that "[t]he investigation yielded statistical evidence of discrimination in Bass Pro's hiring nationwide, as well as anecdotal evidence of racial discrimination.  This investigation meets the EEOC's statutory burden."  A similar finding was made in *Ariz. ex rel. Horne v. Geo Grp., Inc.,* 816 F.3d at 1199, where the Ninth Circuit, when affirming the scope of EEOC's litigation, noted that "the Reasonable Cause Determination referred to a 'class' of female employees who had also been subject to discrimination, harassment, and retaliation at the low-to-medium security return-to-custody and driving-under-the-influence unit at Florence West and the medium-security sex-offender unit, which was located at the CACF." In Geo, in contrast, to the present case, the class was clearly defined departments that were the subject of the investigation.  None of these cases expanded a discrete hostile environment case at two departments at a single location to nationwide litigation.

### C.    EEOC cannot seek relief for claimants who experience harassment after its investigation closed.

EEOC's insistence that it cannot be subject to any temporal limitation is also without any legal basis.  Just as EEOC has no basis to seek relief beyond the geographic scope of its investigation and findings, EEOC is limited to claims arising before it closed its determination. "[T]he Court feels compelled to grant Defendant's motion with respect to individuals who applied to work at Bass Pro after April 26, 2010, when the Letter of Determination was because the Commission could not possibly have learned about these individuals during its investigation and could not possibly have conciliated their claims."  *EEOC v. Bass Pro Outdoor World, LLC*, 1 F. Supp. 3d 647, 672 (S.D. Tex. 2014); *see also, EEOC v. CRST Van Expedited, Inc.*, No. 07-CV-95-LRR, 2009 U.S. Dist. LEXIS 71396, at *52 (N.D. Iowa Aug. 13, 2009) (striking claimants who were not identified during the investigation, noting that "at the time the EEOC issued the Letter of Determination on July 12, 2007, 27 of the remaining 67 allegedly aggrieved persons had not yet been sexually harassed").

EEOC issued its Letter of Determination on August 31, 2022.  Defendant's agreement to provide information through December 1, 2023, is more than ample to provide EEOC with relevant

information.  EEOC's insistence to provide continual updates on discovery after that date is unduly burdensome and well beyond the period for which EEOC can properly seek relief under its statutory authority.

**WHEREFORE**, for the foregoing reasons, Defendant Nevada Restaurant Services, Inc. respectfully requests that the Court denial EEOC's Motion to Compel and award Defendant appropriate fees and costs for responding to this motion.

Dated this 26th day of September 2024.

JACKSON LEWIS P.C.

*s/Kirsten A. Milton*
KIRSTEN A. MILTON, ESQ
Nevada Bar No. 14401
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant Nevada Restaurant Services, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 26th day of September 2024, I caused to be served via the Court's CM/ECF Filing, a true and correct copy of the above foregoing **Defendant's Response in Opposition to Plaintiff EEOC's Motion to Compel Defendant Nevada Restaurant Services, Inc.'s Responses to EEOC's First Set of Requests for Production of Documents and First Set of Interrogatories** properly addressed to the following:

Anna Y. Park, CA SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, CA SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, CA SBN 319557
taylor.markey@eeoc.gov
Derek Li, CA SBN 150122
derek.li@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Oscar Peralta, NV SBN 13559
oscar.peralta@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Las Vegas, NV 89101
Telephone: (702) 553-4457
Facsimile: (213) 894-1301

*Attorneys for Plaintiff*

/s/ Kelley Chandler
An Employee of Jackson Lewis P.C.

4867-9787-5685, v. 1

13