Anna Y. Park, CA SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, CA SBN 286260
nakkisa.akhavan@eeoc.gov
Derek Li, CA SBN 150122
derek.li@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Oscar Peralta, NV SBN 13559
oscar.peralta@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Ste. 5560
Las Vegas, NV 89101
Telephone: (702) 553-4457
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> NEVADA RESTAURANT SERVICES, INC., and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: 2:23-cv-01307-GMN-NJK <br><br> **CONSENT DECREE** |

## I.     __INTRODUCTION__

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff") and Defendant Nevada Restaurant Services, Inc. (hereinafter "Defendant") (collectively, "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve Plaintiff's complaint against Defendant in *U.S. Equal Employment Opportunity Commission v. Nevada Restaurant Services, Inc.*, Case No. 2:23-cv-01307-GMN-NJK (the "Action").

On August 24, 2023, the EEOC filed the Action in the United States District Court, District of Nevada, for violations of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The Action alleges Defendant subjected the Charging Party and a class of similarly aggrieved individuals (collectively, the "Claimants") to sexual harassment, including a hostile work environment, because of their sex (female and male). The Action further alleges Defendants violated Title VII by unlawfully subjecting Claimants to constructive discharge in violation of Title VII.

## II.     __PURPOSES AND SCOPE OF THE CONSENT DECREE__

The Parties agree that the EEOC's claims against Defendant in the Action and Charge No. 487-2024-02289 should be fully and completely resolved by entry of this Consent Decree. This Decree is made and entered by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant and its officers, directors, agents, parents, subsidiaries, successors, and assigns. The scope of this Decree is companywide. The Parties enter into this Decree for the following purposes:

A.     To provide appropriate monetary and injunctive relief;

B.     To ensure that Defendant's employment practices comply with Title VII;

C.     To ensure a workplace free from harassment;

D.     To review and revise Defendant's policies, procedures, and practices to prevent and correct sexual harassment;

E.     To ensure effective training of Defendant's employees, including its managers, supervisors, executives, and human resources representatives regarding the rights of employees and the obligations of employers under Title VII as it relates to sexual harassment;

F.      To provide an appropriate and effective mechanism for handling complaints of sexual harassment;

G.      To ensure appropriate record keeping, reporting, and monitoring; and

H.      To avoid the time, expense, and uncertainty of further litigation.

### III.    <u>RELEASE OF CLAIMS</u>

A.      This Decree fully and completely resolves claims that were raised by the EEOC against Defendant in this Action and in Charge No. 487-2024-02289.

B.      Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal antidiscrimination statute.

C.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree if Defendant fails to comply with the terms of this Decree.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures. This Decree shall in no way hinder or affect an individual's right to file a charge with the EEOC or applicable state agency, participate in a federal or state investigation, or the EEOC's investigation and determinations into such charges.

### IV.    <u>JURISDICTION</u>

A.      The Court has jurisdiction over the Parties and the subject matter of this Action. The Action asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.      The terms and provisions of this Decree are fair, reasonable, and adequate.

C.      This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges any person.

D.      The entry of this Decree will further the objectives of Title VII and be in the best interests of the Parties.

E.      The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to fully implement the relief provided herein.

## V.    EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained herein are effective on the date which this Decree is entered by the Court ("Effective Date").

B.    Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.    COMPLIANCE AND DISPUTE RESOLUTION

A.    The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC, after exhausting meet and confer provisions required by this Decree and described below, may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant and their legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the provisions that the EEOC believes the Defendant has breached. Defendant shall have thirty (30) days from the date of the written notice to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

B.    After forty-five (45) days, inclusive of the thirty (30) days to resolve or cure the breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute. The EEOC may seek all available relief, including an extension of the term of the Decree or any other relief the Court may deem appropriate.

C.    The EEOC may initiate an enforcement action in this Court for non-compliance related to non-payment of monies under this Decree within 10 days of written notice to Defendant of non-compliance without adhering to the provisions described in VI.A-B above.

## VII.    MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B.    If one or more provisions of this Decree are deemed or rendered unlawful or

unenforceable, all other provisions shall remain in full force and effect. The Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree.

C.       By mutual agreement of the Parties, subject to the Court's approval, this Decree may be amended or modified in the interests of justice and fairness to effectuate the provisions herein.

## VIII.   MONETARY RELIEF

A.       Establishing the Class Fund

1.       In settlement of this lawsuit, Defendant shall pay a total of $1,200,000 ($1.2 million) in monetary relief ("Total Settlement Amount"). Designation, characterization, and allocation of the monetary relief to Charging Party and Claimants shall be at the sole discretion of the EEOC, as set forth in the Decree.

2.       Within thirty (30) days of the Effective Date of this Decree, Defendant shall deposit the Total Settlement Amount into an interest-bearing Qualified Settlement Fund (the "Class Fund") managed by a Claims Administrator and provide the EEOC with written verification of the funding within ten (10) days of the deposit. The account shall be a high-yield, interest-bearing account and all interest earned on the Class Fund shall be used to cover the costs of the Claims Administrator.

3.       The Class Fund shall be used to make payments to the Charging Party and claimants identified by the EEOC as being eligible for monetary relief (collectively, "Eligible Claimants"). An Eligible Claimant is: (1) an individual who worked for Defendant between 2019 and the Effective Date; and (2) qualifies for monetary relief based on the EEOC's assessment of their claims. The EEOC has the sole and complete discretion to determine the criteria for eligibility for monetary relief, who qualifies as an Eligible Claimant, the amount to be distributed to each Eligible Claimant, and the characterization of monetary relief.  The EEOC shall determine who is an Eligible Claimant based on the EEOC's assessment of the facts and of the damages available under Title VII. Defendant agrees that the EEOC's determination of these

1    issues is final, and Defendant will neither participate in, nor object to, those determinations.

2         B.    <u>Claims Administration</u>

3         1.    *Claims Administrator.*  Within thirty (30) days of the Effective Date,

4    Defendant shall engage and appoint a specific qualified individual or organization ("Claims

5    Administrator") to oversee the payment of the Class Fund and the Claims Process. The Claims

6    Administrator must be approved by the EEOC. Any fees and costs not covered by interest

7    accrued to the settlement fund, will be paid by the Defendant.  The Parties agree that Defendant

8    is responsible for the Claims Administrator's compliance with the obligations under this Section

9    and any failure to comply by the Claims Administrator shall be imputed to Defendant. The

10    Claims Administrator shall be responsible for responding to information requests from

11    individuals regarding the claims process. If the EEOC determines that the Claims Administrator

12    has failed to fulfill its duties under this Decree, Defendant shall have fifteen (15) business days

13    to notify the EEOC of a proposed replacement Claims Administrator. Defendant shall pay all

14    costs associated with the Claims Administrator as well as the performance of the Claims

15    Administrator's duties under this Decree and such costs shall not come out of the Total

16    Settlement Amount.

17         2.    *List of Potential Claimants.*  Within ten (10) days of the selection of the

18    Claims Administrator, Defendant shall forward to the Claims Administrator and the EEOC one

19    or more lists of all Defendant's employees who worked for Defendant between 2019 and the

20    Effective Date ("List of Potential Claimants"). For each identified Potential Claimant, the List

21    shall include: all identifying information known to Defendant, including their full name, date of

22    birth, social security number, mailing address(es), phone number(s), and email address(es); the

23    individual's dates worked for Defendant, job titles, and departments assigned; and the

24    individual's sex. Within thirty (30) days of receipt of the List of Potential Claimants, the Claims

25    Administrator shall conduct database searches using Accurint or a similar system to find up-to-

26    date contact information, including phone numbers, email addresses and mailing addresses, and

27    add the updated contact information to the Potential Claimant List.

28         3.    *Claims Notice.*  The Claims Administrator will send to each Eligible

Claimant a Claims Notice and a Questionnaire, attached as Exhibit C. The Claims Notice shall explain that the EEOC shall determine eligibility and monetary relief amounts after receipt of a Claims Questionnaire. The Claims Notice shall provide phone and email contact information for the Claims Administrator and explain how Potential Claimants can access and submit the Claims Questionnaire. The Claims Administrator shall send the Claims Notice via electronic and U.S. mail to the individuals included on the List of Potential Claimants within fifteen (15) business days of receipt of the EEOC's Claims Notice and Questionnaire. The Claims Notice shall include a link and QR code to an electronic Questionnaire. Potential Claimant's shall have ninety (90) days from date of mailing to return a completed questionnaire to the Claims Administrator.

4.    Within ten (10) business days of receipt of the EEOC Claims Notice and Questionnaire, the Claims Administrator shall establish a website, approved by the EEOC, that provides information regarding the Decree, the Claims Process, and how to complete the Claims Questionnaire. The website shall include an embedded Claims Questionnaire, approved by the EEOC. The Claims Questionnaire shall also be available for download by Potential Claimants, as well as in paper form upon request by the EEOC or Potential Claimants. The website shall include phone, mail, and email contact information for the Claims Administrator and the EEOC. The website shall also explain how Potential Claimants can seek assistance in completing the Claims Questionnaire from the Claims Administrator. On a weekly basis, the Claims Administrator shall provide the EEOC with an electronic copy of all questionnaires submitted to date, and an excel spreadsheet tracking all responses to questionnaires.

5.    *Undeliverable Mailings.*  Within thirty (30) days of mailing of the Claims Notice, the Claims Administrator shall attempt to obtain accurate contact information for undeliverable mailings. The Claims Administrator shall conduct additional database searches using Accurint or a similar system to find the Potential Claimant's most recent contact information, including phone number, email address, and mailing address. If the Claims Administrator finds more recent contact information, the Claims Administrator shall resend the Claims Notice to the new address. If the Claims Administrator fails to find a more recent mailing address, the Claims Administrator shall notify the EEOC and describe its efforts to locate such

1    employee(s) within ninety (90) days of mailing of the Claims Notice.

2         6.    *Lists of Eligible Claimants for Distribution of Settlement Money.*  Within

3    one hundred twenty (120) days of the time that the Claims Administrator mails the Claims

4    Notice, the Claims Administrator shall provide to the EEOC the identity of all potential Eligible

5    Claimants who have timely returned a completed questionnaire indicating an interest in

6    participating in the settlement with a copy of all completed questionnaires. The EEOC shall

7    determine the proposed amount to be paid to each potential Eligible Claimant and the

8    characterization. The EEOC shall provide this information to the Claims Administrator in the

9    form of a Distribution List in Excel format that notes the proposed amount to be distributed to

10   each potential Eligible Claimant. EEOC shall provide Defendant and the Claims Administrator

11   with one or more lists of the Eligible Claimants who will be receiving monetary relief, which

12   shall include their name, mailing address, the amount to be paid. ("Distribution List"). The

13   Claims Administrator shall be responsible for verifying each Eligible Claimant's mailing

14   address. Within twenty (20) days of receiving this Distribution List, the Claims Administrator

15   shall notify each potential Eligible Claimant via first class mail of the proposed amount of their

16   payment, a copy of a release (attached as Exhibit B), all applicable tax forms, and a return

17   envelope**.** Within five (5) business days of issuance of Notice of Settlement Award the Claims

18   Administrator shall submit copies and any related correspondence to the EEOC. Upon request by

19   the EEOC, the Claims Administrator shall also send notices of ineligibility to persons the EEOC

20   determines are not eligible for relief.  The EEOC may provide subsequent distributions lists

21   based upon the response by the Eligible Claimants and any remaining amounts including the

22   issuance of a Final Distribution List.

23        7.    *Return of Releases.*  Eligible Claimants shall have sixty (60) days to return

24   a signed copy of a release and completed tax form to the Claims Administrator. The Claims

25   Administrator shall engage with any Eligible Claimant to secure the documents. The Claims

26   Administrator shall consult with the EEOC regarding late submissions and is at the EEOC's

27   discretion to determine who is eligible or ineligible to participate in the settlement fund.

28        8.    *Characterization of Payments.*  The EEOC has the sole discretion to

characterize the monetary relief amount to each Eligible Claimant as wage or non-wage compensation. EEOC shall make determinations of characterization of wage or non-wage payment based on its independent assessment based on its review of the completed Questionnaires.  The Claims Administrator shall issue the necessary tax documents within thirty (30) days of mailing of the settlement checks. For wage compensation, Claims Administrator shall issue an IRS Form W-2. For non-wage compensation, Claims Administrator shall issue a Form 1099. The Defendant shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of the monetary settlement amount(s) to Eligible Claimants. The Claims Administrator shall make all appropriate reports to the Internal Revenue Service and other tax authorities on behalf of the Class Fund. The Claims Administrator shall issue the necessary tax documents within thirty (30) days of mailing of the settlement checks. Within five (5) business days of issuance of the aforementioned tax forms, the Claims Administrator shall submit copies and any related correspondence to the EEOC.

9.     Within thirty (30) days after the last deadline in paragraph 7, the Claims Administrator shall inform the EEOC of the status of who were paid from the Distribution List and inform the EEOC of the status of payment to each Eligible Claimant.

10.     *Remaining Settlement Funds and Non-Negotiated Checks.*  The Claims Administrator shall notify the EEOC of any checks that are returned or are not cashed after a period of ninety (90) days have elapsed from the date on which the settlement checks were mailed. If, after a period of ninety (90) days any checks are returned as undeliverable, the Claims Administrator will attempt to find an updated address. If an updated address can be found, the check shall be re-mailed.   If there are any unallocated funds remaining in the Class Fund after one-hundred eighty (180) days, the Claims Administrator shall distribute the remaining balance pursuant to additional Distribution Lists from the EEOC.  The Claims Administrator shall work with the EEOC to ensure the Class Fund is distributed under the Decree.

## IX.    CLAIMANT SPECIFIC INJUNCTIVE RELIEF

Within ten (10) days of receipt of a Distribution List, Defendant shall:

1          1.      Provide neutral references about Eligible Claimants and direct all

2   reference inquiries to a Human Resources representative. The neutral reference will be limited to

3   verifying whether the Eligible Claimant was employed by Defendant, the last position in which

4   the Eligible Claimant was employed, and the duration of their employment with Defendant;

5          2.       To the extent an Eligible Claimant continues to work for Defendant,

6   ensure that the Eligible Claimant does not suffer discrimination, harassment, or retaliation; and

7          3.      Ensure that Eligible Claimants are not prohibited from re-applying for

8   employment with Defendant.

9                          **X.    <u>GENERAL INJUNCTIVE RELIEF</u>**

10      A.      <u>Anti-Discrimination</u>

11          1.      For the duration of the Decree, Defendant, its parents, owners,

12   subsidiaries, directors, officers, agents, management (including all supervisory and lead

13   employees), successors, and assigns, or any of them, shall be enjoined from creating, facilitating,

14   or permitting a work environment that is hostile to employees on the basis of sex in violation of

15   Title VII.

16          2.      Defendant shall take prompt corrective action to address any such

17   harassment of which it has actual or constructive knowledge occurring in Defendant's

18   workplace.

19      B.      <u>Anti-Retaliation</u>

20          1.      For the duration of the Decree, Defendant, its parents, owners,

21   subsidiaries, directors, officers, agents, management (including all supervisory and lead

22   employees), successors, and assigns, or any of them, shall be enjoined from engaging in,

23   implementing, or permitting any action, policy, or practice that retaliates against any current or

24   former employee or applicant because they have, in the past, or during the term of this Decree:

25              a.      opposed any practice they believed to be discriminatory, harassing,

26   or retaliatory;

27              b.      filed a complaint or charge of discrimination alleging such a

28   practice;

Consent Decree

    c.  testified or otherwise participated in any manner in any internal or external investigation or proceeding relating to this Action or any claim of discriminatory, harassing, or retaliatory conduct.

    d.  been identified as a witness or claimant in this Action;

    e.  asserted any rights under this Decree;

    f.  sought or received any relief in accordance with this Decree; or

    g.  is associated with an employee who has engaged in the activities set forth above.

  2.  Defendant shall take prompt corrective action to address any such retaliation of which it has actual or constructive knowledge taking place in Defendant's workplace.

## XI. SPECIFIC INJUNCTIVE RELIEF

  A. <u>Equal Employment Opportunity Monitor</u>

  Within thirty (30) days after the Effective Date, Defendant shall engage external Equal Employment Opportunity Monitor ("Monitor"), approved by the EEOC for demonstrated experience in the areas of preventing and combatting sexual harassment in the workplace to ensure and verify Defendant's compliance with this Decree. The Monitor shall have access to Defendant's documents and employees and shall continuously monitor Defendant's compliance with Title VII, and the provisions of this Decree. In the event the Monitor can no longer perform its responsibilities, Defendant shall notify the EEOC and find a replacement to be approved by the EEOC. Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties. The Monitor's responsibilities shall include:

  1.  Reviewing and revising Defendant's policies, practices, and procedures regarding sexual harassment and sexual harassment complaint procedures, to ensure they fully comply with Title VII and all requirements set forth in this Consent Decree;

  2.  Providing training to all employees, including management, supervisory, and human resources employees on Defendants' revised policies and procedures relating to

sexual harassment, retaliation, and sexual harassment complaint policies and procedures;

3. Reviewing the work and efforts of Defendant's human resources department or other personnel to effectuate the requirements of Title VII and of this Decree, including prompt and thorough investigation of all complaints of sexual harassment, retaliation, and implementation of adequate corrective and preventative measures without retaliation against complainants or witnesses of sexual harassment;

4. Ensuring Defendant creates and maintains the Complaint Log, described below;

5. Monitoring and ensuring the distribution of any documents, notices, policies, and procedures as required by this Decree;

6. Reviewing, evaluating, and monitoring all complaints alleging sexually harassing or retaliatory conduct and Defendant's response, including reviewing documents related to sexual harassment complaints, investigations, and resolutions, to track and provide feedback and oversight on Defendant's practices regarding: documentation of sexual harassment complaints, investigations, and disciplinary actions; investigation of sexual harassment complaints received by Defendant, including the scope of investigation; conclusions drawn from investigations; disciplinary actions taken following an investigation; and reasonable steps to take to prevent and correct further sexual harassment;

7. Ensuring that all individuals who lodge sexual harassment complaints or participate as Eligible Claimants or witnesses are not subjected to intimidation, threats, or retaliatory actions by Defendant, its employees, or agents;

8. Ensuring that Defendant's performance and discipline policies are effectively hold employees and managers, including human resource personnel, accountable for failing to take appropriate action regarding complaints of sexual harassment or retaliation prohibited under Title VII or this Decree;

9. Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree;

10. Conducting audits and complaint reviews as described below to identify

areas for improvement in Defendant's response to complaints of sexual harassment and to determine whether sexual harassment exists in Defendant's workplace;

   11. Preparing a semi-annual report and exit report to the EEOC on Defendant's progress and compliance under this Decree; and

   12. Ensuring Defendant's full compliance with the terms of this Decree.

  B. <u>EEO Compliance Audits</u>

   1. For every employee who submits a complaint, the Monitor will provide a follow-up questionnaire to ensure compliance with anti-harassment and retaliation policies and procedures. To seek employee input, these questionnaire will be conducted outside the presence of management, supervisors, and leads, without any onsite lead or supervisors' advanced knowledge of the questionnaire . The Monitor shall require Defendant to take prompt and effective remedial action to correct any conduct signaling that sexual harassment or retaliation is occurring or that Defendant is not taking appropriate steps to correct and prevent it.

   2. *Complaint Audits.* The Monitor shall also review all sexual harassment complaints lodged against individuals employed by Defendant during the term of the Decree. The Monitor shall evaluate the adequacy of investigations conducted, including witnesses interviewed, relevant evidence gathered and considered, and sufficiency of the final determination based on the available evidence; evaluate the efficacy of measures taken in response including any disciplinary measures; recommend additional appropriate corrective and preventative steps, if necessary, to avoid reoccurrence of the same or similar issues; and recommend appropriate corrective measures for any unresolved complaint. The audit shall try to identify any alleged repeat offenders. Any complaints alleging sexual harassment or retaliation shall be added to the complaint log to ensure tracking of individuals accused of sexual harassment or retaliation more than once.

   3. *Audit Reports.* The results of all audits and complaint reviews shall be submitted to the EEOC in the semi-annual report set forth below. The Monitor's report shall include assessments and recommendations for remedying all identified issues with sexual harassment or retaliation and Defendant's response to allegations of sexual harassment or

1  retaliation.

2      C.    <u>Policies and Procedures</u>

3          1.    *Revision of Policies and Procedures.*  Within sixty (60) days of the

4  Effective Date, Defendant—in coordination with the Monitor—shall review, and revise, if

5  necessary, its policies and procedures on discrimination harassment and retaliation ("Final

6  Policy"). The Final Policy shall be written in a clear, easy-to-understand style and format. At all

7  times, the Final Policy shall, at a minimum, include the following:

8              a.    a clear explanation of prohibited sexual harassment, including

9  examples;

10             b.    a clear explanation of the discrimination, harassment, and

11  retaliation complaint procedure, described below;

12             c.    a statement confirming that the Final Policy applies to all

13  individuals in Defendant's workplace, including executives, managers, human resources

14  representatives, supervisors, employees, third parties, and customers;

15             d.    a statement that all employees can lodge complaints with

16  Defendant regarding sexually harassing or retaliatory conduct;

17             e.    an assurance that Defendant will immediately and thoroughly

18  investigate complaints and take immediate disciplinary or corrective action if it becomes aware,

19  through an investigation or otherwise, that sexual harassment is likely to have occurred; and

20             f.    an assurance that persons who complain about discrimination

21  including sexual harassment, and retaliation they experienced or witnessed and persons who

22  provide information relating to such complaints will not be subject to retaliation.

23         2.    *Internal Complaint Procedure.* The Internal Complaint Procedure shall

24  incorporate the following elements:

25             a.    A statement encouraging employees to share concerns and provide

26  information about sexual harassment or related retaliation to Defendant, such as by (i) sharing

27  information with the human resources representatives, or (ii) participating candidly in

28  investigations of harassment or related retaliation;

    b.  A clearly described process for submitting complaints that includes multiple avenues for employees to lodge complaints of harassment, discrimination, or retaliation verbally or in writing, including (i) an online complaint process, (ii) a direct phone number and email address for Defendant's human resources representatives; (iii) a toll-free complaint hotline that Defendant will track; and (iv) notifying *any* manager, supervisor, owner, executive, or human resources representative, who will document the complaint and notify HR immediately;

    c.  Prompt commencement of a thorough and objective neutral investigation of all complaints of sexual harassment or retaliation by a person trained to conduct such investigations, or a hired professional trained to conduct such investigations;

    d.  A description that an investigation may include interviews of relevant witnesses, reviewing relevant evidence, and communicating to the complaint the results of the investigation and any remedial actions taken;

    e.  Assurance that no complainant shall be required to confront his or her accuser and that the confidentiality of the complaint, complainant, and investigation shall be kept to the fullest extent possible;

    f.  Tracking and collection of all complaints of sexual harassment and related retaliation in the Complaint Log;

    g.  A requirement that all managers, executives, supervisors, and human resources representatives promptly report any and all observations or complaints of potential sexual harassment or retaliation to Defendant's human resources personnel, and that failure to carry out this duty is grounds for disciplinary action, up to and including discharge;

    h.  A statement that it is unacceptable to retaliate against any employee for use of the Internal Complaint Procedure or for assisting in the investigation of a complaint, and that retaliation could include reduction of hours, transferring positions, and other changes to complainant or witness's employment because they reported, provided information about, or assisted in the investigation of a complaint;

    i.  A statement that if an allegation of sexual harassment or retaliation against an employee is substantiated, then such conduct will result in proportionate discipline, up

1  to and including discharge; and

2          j.      An explanation that the internal complaint procedure does not

3  replace the right of any employee to file a charge or complaint of discrimination, harassment, or

4  retaliation under any available municipal, state, or federal law, and that filing an internal

5  complaint does not relieve the complainant of meeting any deadline for filing a charge of

6  discrimination. The procedures shall provide contact information for the EEOC.

7          3.      *Distribution of Final Policy.* Defendant shall distribute the Final Policy to

8  all employees within thirty (30) days of approval by the EEOC. Defendant shall disseminate the

9  Final Policy by (a) posting copies in areas where other workplace policies are posted in

10  Defendant's workplace; (b) sending an electronic copy to their personal email address; and (c)

11  providing paper copies to employees during their work shift. For employees hired after the

12  Effective Date, Defendant shall disseminate this information in the same manner within ten (10)

13  business days. All employees shall sign a form acknowledging receipt of the Final Policy. On a

14  semi-annual basis throughout the term of the Decree, Defendant shall provide copies of signed

15  acknowledgments for all employees.

16      D.    Training

17          1.      *General Guidelines.*  The training regimen set out in Section XI.D shall be

18  mandatory with respect to all Defendant's employees, managers, supervisors, human resources

19  representatives, and executives and be scheduled to occur within sixty (60) days of approval by

20  the EEOC, and annually thereafter, during the term of the Decree. Employees unable to attend

21  the initial training or hired after a mandatory training are required to attend an alternate training

22  session within thirty (30) days that is either (a) interactive or (b) a video recording of any live

23  training with an interactive component, such as a written test. All persons shall verify their

24  attendance in writing. Defendant shall maintain copies of training sign-in sheets for the duration

25  of the Decree. All employees will be paid their regular rate of pay during the trainings. The

26  Monitor may attend any training upon advance request.

27          2.      *Format & Content of Trainings.*  All trainings provided pursuant to this

28  Decree shall be interactive. Any training session recorded shall be maintained for the duration of

1  the Decree. The training shall include a test to ensure comprehension of the material presented.

2  The training shall provide direct contact information for Defendant's human resources personnel.

3  The training shall leave for the option for questions and answers after the conclusion of trainings

4  and circulate an anonymous evaluation form to be filled out by attendees and reviewed by the

5  Monitor.

6         3.  *Selection of Trainer & Curriculum.*  Within sixty (60) days of the

7  Effective Date, the Monitor shall select a qualified third-party trainer or training program. Within

8  forty-five (45) days of selection of the Monitor, the Monitor shall submit for review and approval

9  to the EEOC a description of the trainings to be provided, the training materials, and an outline

10  of the training curriculum.

11         4.  *Introductory Video.*  Defendant shall begin each training with a short

12  video from the President or Chief Executive Officer emphasizing that sexual harassment

13  prevention, civility, and maintaining a respectful workplace are high priorities for Defendant.

14  The message shall include a commitment towards accountability to and safety of their workforce,

15  promising severe consequences for those found to sexually harass individuals or threaten,

16  intimidate, or otherwise prevent or deter individuals from complaining about sexual harassment.

17         5.  *New Employee Orientation.*  Within thirty (30) days of the EEOC's

18  approval of training materials, Defendant shall implement a brief orientation ("Orientation") for

19  all new employees to be provided within _____ days of their start date. The Orientation shall

20  review Defendant's complaint procedures and explain where employees can find related policies

21  and procedures and contact information. The Orientation shall emphasize that (a) Defendant

22  takes seriously all allegations of sexual harassment and retaliation and encourages employees to

23  notify Defendant's human resources personnel if they become aware of potential sexually

24  harassing or retaliatory conduct; (b) complainants are protected from retaliation; and (c) prompt

25  and proportionate corrective action will be taken if Defendant finds that sexual harassment or

26  retaliation occurred.

27         6.  *Sexual Harassment Training for All Employees.*  All employees,

28     managers, supervisors, human resources representatives, and executives shall be required to

attend a Compliance Training exclusively on sexual harassment and retaliation, lasting at least one (1) hour in duration. The training shall encourage employees that experience or witness sexually harassing or retaliatory conduct to report it and emphasize the consequences for employees that engage in prohibited conduct or threaten, intimidate, or deter employees from complaining about prohibited conduct. The training under this section shall cover:

a.    the requirements of Title VII as to sexual harassment and retaliation, and what constitutes unlawful sexual harassment (quid pro quo and hostile work environment) and retaliation;

b.    examples of comments and conduct that alone or together may rise to the level of unlawful sexual harassment or create a presumption of unlawful retaliation (including what constitutes protected activity, adverse action, and evidence suggesting retaliatory motive);

c.    employees' rights and responsibilities under Title VII and this Decree if they experience, observe, or become aware of conduct that they believe may be sexual harassment or retaliation, and the role of the Monitor in ensuring Defendant's compliance with the Decree;

d.    Defendant's responsibilities, including reporting responsibilities, under Title VII and this Decree when it has knowledge of conduct that may constitute sexual harassment or retaliation, potential consequences where it fails to maintain adequate complaint procedures and take reasonable steps to investigate and correct alleged harassment;

e.    Preventing sexual harassment and the role of bystander intervention; and

f.    Defendant's Final Policy as outlined in Section XI.C and the Internal Complaint Procedure in Section XI.D, including consequences where individuals violate the anti-harassment and retaliation provisions or fail to enforce complaint procedures.

7.    *Management and Human Resources Sexual Harassment Training.*

All executives, managers, supervisors, human resources representatives, and any other personnel with authority to hire, discipline, promote, transfer, or terminate employees or to

respond to complaints of harassment shall attend a separate Management and Human Resources

Training of at least one (1) hour duration that exclusively focuses on (a) sexual harassment and

retaliation and how to prevent and correct it; and (b) proper investigative techniques, including

the scope of an investigation, how to deal with alleged repeat offenders, and avoiding conduct

that chills complainants and witnesses. The training shall require the participation of all attendees

in role play scenarios or other interactive activities designed to ensure understanding of their

roles and responsibilities in preventing and correcting sexual harassment and retaliation. The

trainings under this section shall include:

        a.      The role of managers, supervisors, and human resources to protect

its employees where it has knowledge of sexual harassment occurring in its workplace;

        b.      consequences for individuals found to have more likely than not

engaged in conduct that may be considered sexual harassment or retaliation;

        c.      how to respond to alleged sexual harassment and retaliation in the

workplace, including:

        i.      their duty to conduct thorough, fair, neutral and prompt

investigations, including determining the proper scope of investigation; impartially interviewing

all relevant witnesses; reviewing all relevant evidence; and who will be responsible for

conducting investigations;

        ii.      how to recognize and prevent sexual harassment and

retaliation, including risk factors for harassment and retaliation and specific actions that may

minimize or eliminate the risk of either;

        iii.      their duty to take proportionate corrective action reasonably

calculated to end harassing conduct and prevent future harassment in Defendant's workplace,

including types of preventative and corrective actions and circumstances under which those

preventative or corrective actions may or may not constitute reasonable steps; and

        iv.      post-investigation procedures for monitoring the workplace

after receiving a complaint of sexual harassment or retaliation to ensure no further harassment

occurs and complainants and witnesses are not subject to threats, intimidation, or retaliatory

1    actions.

2                         v.       the presumption of retaliation created where an employer

3    takes adverse employment action against a complainant or participant in an investigation, and a

4    strict prohibition on conduct and comments that would deter, intimidate, or threaten employees

5    from filing complaints of sexual harassment.

6         After the first training under this Decree, subsequent trainings shall include recent

7    developments, if any, relating to an employer's obligations under Title VII with respect to

8    unlawful harassment and retaliation and how to prevent and correct such conduct.

9           8.     *Verification of Training.*   On a semi-annual basis, Defendant shall produce

10    to the EEOC and to the Monitor documents verifying the occurrence of all training sessions

11    conducted as required under this Decree, including the written training materials used, a

12    description of the training provided, a list of the individuals who conducted the training, and

13    copies of sign-in sheets for attendees at each training session. The Monitor will assess the

14    effectiveness of the trainings conducted and identify areas to modify where appropriate.

15        E.     <u>Complaint Log</u>

16          1.     Within sixty (60) days of selection of the Effective Date, Defendant shall

17    maintain a centralized complaint log and an online complaint process in consultation with the

18    Monitor for centralized tracking of all formal and informal complaints regarding sexual

19    harassment or retaliation and the monitoring of such complaints to prevent retaliation. This

20    system shall be searchable by name of complainant and alleged perpetrator, and shall contain, for

21    each complaint or investigation of sexual harassment or retaliation, at least the following

22    information:

23                   a.      name of the person making the complaint, and name of aggrieved

24    individual (if different from person making the complaint);

25                   b.      date(s) of receipt of complaint by Defendant (including all oral and

26    written complaints);

27                   c.      a description of the complaint, including the type of sexual

28    harassment or retaliation alleged and the content of the allegations, including the date and

location where it occurred;

          d.       name(s) and job title(s) of all persons to whom the complaint was made;

          e.       name(s) and job title(s) of the alleged perpetrator(s);

          f.       a description of all investigatory steps taken, including names of person(s) interviewed and documents reviewed;

          g.       name(s) and job title(s) of all persons involved in the investigation;

          h.       a summary of the resolution of the complaint investigation, including whether the complaint was substantiated, and what corrective action was taken, if any; and

          i.       a summary of communication with the complainant regarding the complaint resolution.

       2.       The Monitor shall review the Complaint Log and the underlying documents including the investigations to ensure Defendant is properly addressing and tracking complaints. The Monitor shall assess the scope of the investigation and whether corrective and preventative measures taken were effective and complaints and investigations were properly documented and tracked and provide feedback to Defendant to enhance accountability and consistency. The Monitor shall intervene if it determines the alleged perpetrator has been accused of sexual harassment or retaliation more than once or Defendant is retaliating against a complainant. The Monitor shall report to the EEOC in its semi-annual report regarding whether Defendant is properly tracking and responding to sexual harassment or retaliation complaints by conducting a prompt, thorough, and impartial investigation, took corrective action reasonably effective in stopping and preventing further harassment, and ensured complainants did not face retaliation.

       3.       Defendant shall maintain the database throughout the duration of this Decree and shall produce it to the EEOC on a semi-annual basis.

     F.      <u>Online Complaint Process</u>

       1.      Within sixty (60) days of the selection of the Monitor, Defendant shall

maintain an online complaint process for reporting complaints of sexual harassment, or retaliation ("Online Complaint Process"). The Online Complaint Process shall be website or application based. The Online Complaint Process shall be operational seven days per week, 24 hours per day, document all incoming and outgoing communications, and track and log inquiry and response times. Inquiries received by the Online Complaint Process shall be incorporated into the Complaint Log. The Online Complaint Process shall offer the option to make an anonymous complaint. Once a complaint is received, Defendant will promptly contact the complainant and follow the internal complaint procedure. The Monitor shall review and evaluate Defendant's effectiveness and responsiveness to complaints made via the Online Complaint Process.

2. Within sixty (60) days of the Effective Date, Defendant shall distribute a one-page Complaint Procedure Flyer. The Flyer shall include (a) a statement that Defendant prohibits sexual harassment and takes seriously all allegations of harassment and retaliation; (b) a statement that all employees may complain about harassment, or retaliation via the Online Complaint Process, available 24-hours per day; and (c) a website and email address for the Online Complaint Process and the human resources representatives. Defendant shall distribute the Flyer by (a) sending an electronic copy to all employees; and (b) posting the Flyer in visible areas in Defendant's workplaces. Thereafter Defendant shall distribute the Flyer when it distributes the Final Policy.

G.  Posting of Notice

Within thirty (30) days of the Effective Date, Defendant shall distribute copies of the Notice attached as Exhibit A by posting a copy in all workplaces where notices are normally posted at Defendant's Laughlin River Lodge and all other locations with 10 or more employees.

H.  Performance Evaluations for EEO Compliance

With the assistance of the Monitor, Defendant shall maintain performance evaluation forms for managers, supervisors, and human resources representatives, that include measures for compliance with Defendant's Final Policy.

I.  Human Resources Department

The Monitor shall be permitted to freely communicate one-on-one with Defendant's human resources personnel and any other individuals involved in responding to or investigating complaints of sexual harassment or retaliation, or complying with this Decree. The Monitor may recommend additional training for Defendant's human resources representatives.

J.    Recordkeeping

Defendant shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of sexual harassment, and retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

a.    All documents and communications related to any complaint of sexual harassment or retaliation, including its investigation and resolution;

b.    All documents generated in connection with the overseeing, counseling, and disciplining of employees determined to have engaged in behavior that violates the Final Policy;

c.    All personnel and performance related documents for any person that reports sexual harassment;

d.    All documents generated in connection with the audits conducted by the Monitor;

e.    All forms acknowledging receipt of Defendant's Final Policy;

f.    All documents verifying the occurrence of all training sessions and the content, including sign-in sheets;

g.    Copies of the Complaint Log;

h.    All documents generated in connection to sexual harassment and/or retaliation complaints to the Defendant's Hotline;

i.    All documents related to compliance with the terms of the Decree.

Defendant shall make the aforementioned records available to the EEOC within twenty-one (21) days following a written request by the EEOC.

K.    Reporting

1.    *Semi-Annual Report by Defendant*

Within one-hundred and eighty (180) days of the entry of this Decree and semi-annually thereafter, Defendant and the Monitor shall submit to the EEOC a report containing the following information or documents for the applicable time period:

a. the results of audits and complaint reviews, as required by Section XI.B;

b. a statement confirming Defendant has distributed its Final Policy pursuant to this Decree and copies of signed acknowledgements, as required by Section XI.C;

c. a statement confirming that Defendant has complied with the training requirements of this Decree, with a description of the trainings conducted, and copies of training evaluation forms, written training materials, and sign-in sheets, as outlined in Section XI.D;

d. copies of the Complaint Log, with a summary of the procedures and recordkeeping methods in effect for centralized tracking and monitoring of complaints, and any other information required by Section XI. E;

e. a statement confirming Defendant operates an Online Complaint Process that complies with this Decree, that the flyer has been distributed as required, and a copy of the flyer regarding the Online Complaint Process, and any other information required by Section XI.F;

f. a statement confirming that the Notice attached as Exhibit A has been posted in all of Defendant's workplaces and distributed per Section XI.G;

g. a copy of the final performance evaluation form used during the past year, per Section XI.H;

h. The status of Defendant's compliance with any other terms of the Decree; and

i. Any proposed changes to the Final Policy.

2. *Semi-Annual Report by Monitor*

Within one-hundred and eighty (180) days of the selection of the Monitor, and semi-annually thereafter, the Monitor shall submit to the EEOC and Defendant a report that

reviews all the Monitor's responsibilities and describes all work performed under this Decree. The report shall include a detailed evaluation by the Monitor of the work environment and Defendant's efforts to comply with this Decree, including steps taken to protect employees from sexual harassment and retaliation, remove repeat offenders, and foster a work environment free from fear of retaliation. The Monitor shall provide an evaluation of Defendant's human resources department and representatives, their skill levels and training needs. ; The Monitor shall provide recommendations going forward and summarize the recommendations provided already to Defendant and whether such recommendations have been implemented.

3.   *Exit Report*

Defendant shall report to the EEOC at least ninety (90) days prior to the expiration of this Decree regarding their compliance with this Decree. Separately, the Monitor shall report to the EEOC at least ninety (90) days prior to the expiration of this Decree covering all the Monitor's responsibilities and provide feedback regarding Defendant's compliance with this Decree and Title VII and whether Defendant has effectively prevented and corrected further sexual harassment and retaliation from occurring.

## XII.   COSTS OF ADMINISTRATION AND IMPLEMENTATION OF DECREE

Defendant shall bear all costs associated with the administration and implementation of their obligations under this Consent Decree. Each Party shall bear its own costs of suit and attorneys' fees.

## XIII.   MISCELLANEOUS PROVISIONS

A.    Unless otherwise stated, all notices, reports, and correspondence required under the Decree shall be sent (1) by U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; or (2) by email to lado.legal@eeoc.gov. Defendant shall maintain copies of all such notices, reports, and correspondence for at least the term of the Decree.

B.    During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control

of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of the same.

C.    During the term of this Consent Decree, Defendant shall ensure that each of its owners, executives, officers, human resources representatives, managers, and supervisors receive a copy of the Decree and are aware of any term(s) of this Decree which may be related to their job duties or obligations.

D.    Plaintiff shall not issue a press release regarding the settlement of this Action until the Decree is approved by the Court.

## XIV.    EEOC REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

A.    Within ten (10) business days of the signing of this Decree, Defendant agrees to provide the EEOC 1) the Defendant's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of Defendant.

B.    The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

C.    The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

D.    Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

E.    The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

1

## XV.    COUNTERPARTS AND FACSIMILE SIGNATURES

2    This Decree may be executed in several counterparts, each of which shall be deemed an

3    original, but all of which shall constitute one and the same instrument. All such counterpart

4    signature pages shall be read as though one, and they shall have the same force and effect as

5    though all the signers had signed a single signature page. Electronically transmitted executed

6    copies of this Decree shall be fully binding and effective for all purposes whether or not

7    originally executed documents are transmitted to the other party. Fax signatures on documents

8    are to be treated the same as original signatures.

9    The Parties agree to entry of this Decree and judgment subject to final approval by the

10    Court. All parties, through the undersigned, respectfully apply for and consent to the entry of this

11    Decree as an Order of this Court.

12                                            Respectfully submitted,

13                                            U.S. EQUAL EMPLOYMENT
14                                            OPPORTUNITY COMMISSION

15

16    Dated: September 30, 2025        By: _____

17                                            Anna Y. Park, Regional Attorney
18                                            Attorney for Plaintiff EEOC

19

20    Dated: September 30, 2025        By:    *Kirsten Milton* _____

21

22                                            Attorney for Defendant

23

24

25

26

27

28

Consent Decree

**ORDER**

The Court approves the provisions of the foregoing Consent Decree and orders compliance with all provisions thereof. The Court retains jurisdiction over this Consent Decree until its termination, as determined by this Court.

**IT IS SO ORDERED.**

Dated this <u>14</u> day of October, 2025.

_____
The Honorable Gloria M. Navarro
United States District Judge

Consent Decree

# EXHIBIT A

# <u>NOTICE TO EMPLOYEES</u>

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the District of Nevada against Nevada Restaurant Services, Case No. 2:23-cv-01307-GMN-NJK

The EEOC alleged that a class of employees were subjected to sexual harassment while working for Nevada Restaurant Services, in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Nevada Restaurant Services and the EEOC have agreed to resolve the lawsuit and have entered into a Consent Decree in which Nevada Restaurant Services agreed to pay monetary relief and to implement various additional measures such as engaging an independent EEO Monitor, revising anti-discrimination policies and procedures, training, tracking complaints, and providing EEOC with periodic reports.

Nevada Restaurant Services is committed to complying with federal anti-discrimination laws in all respects and encourage reporting any such conduct. Sexual harassment and retaliation will not be tolerated. Any employee who files a complaint or charge of discrimination, gives testimony or assistance, or participates in any manner in an investigation will be protected from retaliation.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, and terms and conditions or privileges of employment. Federal law also prohibits retaliation against those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

If you believe that you have been subjected to sexual harassment or retaliation, you may use Nevada Restaurant Services' complaint procedures or you may seek assistance from the EEO Monitor, [NAME] at [EMAIL AND PHONE INFORMATION]. You may also contact the EEOC:

> U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> 255 East Temple Street, 4th Floor
> Los Angeles, CA 90012
> Phone: (213)669-4000

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This Notice shall remain posted for a term of three (3) years.
4895-097

Consent Decree

**EXHIBIT B**

**Release of Claims**


In consideration for $ _____ paid to me by NEVADA

RESTAURANT SERVICES, INC. ("NRS"), in connection with the resolution of *U.S. Equal*

*Employment Opportunity Commission v. Nevada Restaurant Services, Inc.*, Case No. 2:23-cv-

01307-GMN-NJK, I waive and release my right to recover for any claims of sex discrimination or

retaliation arising under Title VII of the Civil Rights Act of 1964 that I had against NRS prior to

the date of this release and that were included in the claims alleged in EEOC's Complaint in *U.S.*

*Equal Employment Opportunity Commission v. Nevada Restaurant Services, Inc.*, Case No. 2:23-

cv-01307-GMN-NJK and in Charge No. 487-2024-02289.



Date:_____

Signature: _____

Print Name: _____

## EXHIBIT C

## IMPORANT LEGAL NOTICE OF CLASS LAWSUIT SETTLEMENT

September __, 2025

Re:    Settlement of EEOC Lawsuit
      *EEOC v. Nevada Restaurant Services, Inc.*
      Case No. 2:23-cv-01307-GMN-NJK

Dear Potential Claimant:

On Effective Date of Consent Decree, the U.S. District Court for the District of Nevada approved the settlement of Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC")'s claims against Defendant Nevada Restaurant Services, Inc. In the lawsuit, the EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") by subjecting female employees working at Nevada Restaurant Services to unlawful sexual harassment and constructive discharge between January 1, 2019 and _____.

The settlement, called a "Consent Decree," provides for a total of $1,200,000 in monetary payments to a class of eligible workers who were adversely affected by sexual harassment and/or retaliation. Individuals who worked for Nevada Restaurant Services, Inc. during the Claims Period of January 1, 2019 to Effective Date of Consent Decree, may be eligible to receive a monetary award under the Consent Decree.

You have been identified by Defendant as an individual who worked for Nevada Restaurant Services, Inc. during the Claims Period. Accordingly, you may be eligible to participate in the claims process and may be entitled to receive a monetary award under the Consent Decree.

**You have two Options:**

1.  **Complete a Claims Questionnaire no later than _____, 2025.** The EEOC will use this information to determine your eligibility to receive a settlement award and the amount of the award. Your responses must be provided under oath and penalty of perjury.

    The EEOC decides who is eligible to receive a monetary award and the amount of each award based on being employed by Defendant during the Claims Period and based on being able to assert a viable claim of sexually hostile work environment. The EEOC keeps none of the settlement money. If the EEOC determines that you are eligible for a monetary award, you will be sent a notification letter and a release of claims of sexual harassment and retaliation under Title VII. Notification letters will be sent after the claims process is completed, and monetary awards will be distributed after releases of claims have been received. Prior to receipt of monetary award, you

**must** notify the Claims Administrator if your contact information or mailing address changes.

You may submit your Questionnaire by mail or online. The online questionnaire can be accessed at _____ or via the following QR Code:

2. **Do Nothing.** By doing nothing, you will not receive any money from the settlement and will retain your right, if you have such a right, to sue Defendant at your own cost on claims that it violated Title VII by subjecting you to sexual harassment and/or constructive discharge.

To facilitate the settlement process, Defendant has hired Claims Administrator _____ to collect information and to distribute the settlement funds. Please direct all questions regarding making a claim, filling out the claims questionnaire, and mailing of settlement check to Claims Administrator _____ at"

Name of Claims Administrator
Address of Claims Administrator
Phone Number of Claims Administrator
Email Address of Claims Administrator

Please do not contact the Court or Defendant concerning the Claims Process.

The EEOC has sole discretion to determine your eligibility for a settlement award, the amount of any such award, and the timing of the award. Questions regarding the eligibility may be directed to the EEOC. To get in contact with an EEOC representative, please email _____ or call (213)785-____. An EEOC representative will respond as soon as feasible.

Thank you for your participated in this matter.

Yours Truly,


_____
Derek W. Li
EEOC Trial Attorney
U.S. Equal Employment Opportunity Commission

1

2

## <u>CLAIMS FORM QUESTIONNAIRE</u>

3

4       The U.S. Equal Employment Opportunity Commission ("EEOC") has resolved its claims alleging that Defendant Nevada Restaurant Services subjected female and male workers to sexual harassment and constructive discharge during the Claims Period of January 1, 2019 to the

5

6 _____. You may be eligible to receive money from the settlement, if in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), you were subjected to a sexually hostile work environment while working for Nevada Restaurant Services, Inc. during the Claims Period.

7

8 Please complete this questionnaire under oath and penalty of perjury and return to <u>Claims Administrator, Claims Administrator's Address</u> as soon as possible. To be eligible to receive

9 money from the settlement, you must complete and return this questionnaire by _____. Failure to submit your claim by the date specified may result in disqualification from the

10 settlement fund.

11 The EEOC will use this information to determine your eligibility. Your answers will not be shared with anyone other than the EEOC and the Claims Administrator. If you need assistance

12 completing or submitting this questionnaire, you can contact the Claims Administrator at:

13

14 Name of Claims Administrator

Address of Claims Administrator

15 Phone # of Claims Administrator

Email Address of Claims Administrator

16

17 To get in contact with an EEOC representative, please email _____ or call (213)785-____. An EEOC representative will respond as soon as feasible.

18

19 The EEOC may contact you if it determines that additional information is necessary to evaluate your claims. Once the EEOC makes a determination on your eligibility, the Claims

20 Administrator will communicate with you regarding the next steps. As such, please be sure to keep the Claims Administrator informed about any change in your contact information as to your

21 eligibility may be affected if the EEOC is unable to contact you.

22 Thank you for your cooperation in providing the requisite information to determine the distribution of the settlement fund.

23

24

25

26

27

28

## I.    Legal Name and Contact Information

First Name: _____    Last Name: _____

Date of Birth: _____    Social Security No.: _____

Mailing Address: _____

City: _____

State: _____    Zip Code: _____

Cell Phone / Home Phone: _____

Email Address: _____

Alternate Contact Person: _____

Relationship to Alternate Contact Person: _____

Contact Person's Phone: _____

Contact Person's Email Address _____

## II.    Employment History

1.    Have you worked for Nevada Restaurant Services?

___ Yes            ___ No

(If the answer is "no," you do not need to complete the rest of the questionnaire. Thank you).

2.    When did you work for Nevada Restaurant Services?

Start Date: Month _____    Year _____

End Date:  Month _____    Year _____

3.        What Nevada Restaurants Services location did you work?

## III.    Experience with Sexually Inappropriate Conduct

Inappropriate sexual conduct at work can turn the workplace into a sexually hostile work environment. The inappropriate conduct can be directed at you personally or you witnessed or were otherwise aware of that conduct directed at another employee. A wide range of conduct

Consent Decree

may fit into the category of inappropriate sexual conduct or sexual harassment, depending on the circumstances.  The inappropriate conduct may include the following:

- Inappropriate verbal harassment – comments, text messages, emails, and/or social media posting about your appearance, requests for dates or sexual favors, sex acts or experiences, crude jokes, and/or other sexual advances.
- Inappropriate physical harassment – unwelcome rubbing, touching, and/or groping of your body.
- Inappropriate visual harassment – staring or leering at your, displaying or sending sexual or pornographic pictures, gestures suggesting sexual acts.
- Other sexual conduct that you deem to be sexual in nature.

**A. Personal Experience of Sexual Harassment**

1. Did you personally experience any sexually inappropriate conduct while working for Nevada Restaurant Services ?

   ____ Yes          ____ No
   (If no, please go Section III.B.)

2. If yes, please check if you experienced any of the following:

   a. _____ Inappropriate verbal harassment - comments, text messages, emails, and/or social media posting about your appearance, requests for dates or sexual favors, sex acts or experiences, crude jokes, and/or other sexual advances.
      i. How often? ____ every day; ____once a week; ____ once a month; ___ a few times during my employment; ____ once during my employment.
   b. _____ Inappropriate physical harassment – unwelcome rubbing, touching, and/or groping of your body.
      i. How often? ____ every day; ____once a week; ____ once a month; ___ a few times during my employment; ____ once during my employment.
   c. _____ Inappropriate visual harassment – staring or leering at your body, displaying or sending sexual or pornographic pictures; gestures suggesting sexual acts.
      i. How often? ____ every day; ____once a week; ____ once a month; ___ a few times during my employment; ____ once during my employment..
   d. _____  Other sexual conduct that you deem to be sexual in nature
      i. How often? ____ every day; ____once a week; ____ once a month; ___ a few times during my employment; ____ once during my employment..

3. Describe the inappropriate sexual conduct that you personally experienced while working for Nevada Restaurant Services.  Please provide the following information:

- ○ Who (name / position ) engaged in sexually inappropriate conduct towards you?
- ○ What was the sexually inappropriate conduct?
- ○  When did it occur?
- ○ How frequently did it occur?
- ○ Who (name / position were the witnesses, if any?
- ○ Any other details about the sexually inappropriate conduct?

_____

_____

_____

_____

_____

_____

_____

_____

_____

(If necessary, you can continue at the end of the questionnaire – Section VII)

**B. Sexual Harassment that you Witnessed**

1. Did you witness (see or hear) any other employee being subjected to sexually inappropriate conduct while working for Nevada Restaurant Services?

   ____ Yes              _____ No
   (If no, please go to Section VI)

2. If yes, please check if you witnessed any of the following:
   a. _____ Inappropriate verbal harassment - comments, text messages, emails, and/or social media posting about another employee's appearance, requests for dates or sexual favors, sex acts or experiences, crude jokes, and/or other sexual advances.
      i. How often? _____ every day; ____once a week; _____ once a month; ___ a few times during my employment; _____ once during my employment.
   b. _____ Inappropriate physical harassment – unwelcome rubbing, touching, and/or groping of your body.
      i. How often? _____ every day; ____once a week; _____ once a month; ___ a few times during my employment; _____ once during my employment.

Consent Decree

36

c. _____ Inappropriate visual harassment – staring or leering at another employee's body, displaying or sending sexual or pornographic pictures; gestures suggesting sexual acts.

    i. How often? _____ every day; _____ once a week; _____ once a month; _____ a few times during my employment; _____ once during my employment..

d. _____ Other sexual conduct towards another employee that you deem to be inappropriate.

    i. How often? _____ every day; _____ once a week; _____ once a month; _____ a few times during my employment; _____ once during my employment..

4. Describe the inappropriate sexual conduct that you witnessed while working for Nevada Restaurant Services. Please provide the following information:

- Who (name / position ) engaged in sexually inappropriate conduct towards you?
- Who was the employee (name / position) being subjected to sexually inappropriate conduct?
- What was the sexually inappropriate conduct?
- When did it occur?
- How frequently did it occur?
- Who (name / position were the witnesses, if any?
- Any other details about the sexually inappropriate conduct?

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(If necessary, you can continue at the end of the questionnaire – Section VII)

**IV.    Report of Sexually Inappropriate Conduct**

    A.    Report of Sexually Inappropriate Conduct

Consent Decree

37

1.   Did you report to anyone (i.e. supervisor, Human Resources) at Nevada Restaurant Services about the sexually inappropriate conduct that you experienced while working there?

_____ Yes          _____ No          _____ Not Applicable

(If the Answer in "No," then please to section V.).

2.   Did you report to anyone (i.e. supervisor, Human Resources) at Nevada Restaurant Services about the sexually inappropriate conduct that you witnessed while working there?

_____ Yes          _____ No          _____ Not Applicable

(If the Answer in "No," then please to section V.).

B.   If Yes, please provide the following information for each report of sexually inappropriate conduct.

    1.   Who receive the report (name / position)?

        _____

    2.   When was the report (month, year)?

        _____

    3    What did you report?

_____

_____

_____

_____

C.   Nevada Restaurant Services' Response to Report

What was Nevada Restaurant Services, Inc.'s response to your report of sexually inappropriate conduct. Please check any applicable response.
- _____ Nothing happened
- _____ There was only an investigation with no action taken against the harasser.
- _____ There was adequate action taken against the harasser in response to the report.
- _____ There was inadequate action taken against the harasser in response to the report.
- _____ Do not know if there was a response to your report?

Consent Decree

Please describe the response to your report of sexually inappropriate conduct.

_____

_____

_____

_____

    d.      Treatment after Report
          1.      After you made the report, were you treated any differently at work?

             ____ Yes      ____ No
             (If the Answer is "No," please go to Question Section V.).

          3.  If yes, please check any treatment that you experienced because of your report of sexually inappropriate conduct:
             ___ Being unfairly criticized for poor work performance.
             ___ Being disciplined, demoted, or terminated.
             ___ Being transferred to a different position
             ___ Being given a less favorable schedule.
             ___ Having your hours reduced.
             ___ Other:

             Please describe how you were treated different because of your report of sexually inappropriate conduct? When did the treatment occur.

_____

_____

_____

_____

C.  If you did not report the sexually inappropriate conduct that you personally experienced or witnessed, please check all reasons for not reporting.
    ___ I did not know that I was experiencing sexually inappropriate conduct.
    ___ I did not know how or who to report the sexually inappropriate conduct.
    ___ I could not complain to my supervisor because my supervisor engaged in the sexually inappropriate conduct.
    ___ I was afraid of losing my job, having my hours cut, or other adverse employment.
    ___ I knew others who reported but nothing was done.

Consent Decree

39

___ I know others who reported and were disciplined or fired.
___ I did not experience or witness sexually inappropriate conduct.
___ Other reason(s):

_____

**V.    Effect of the Sexually Inappropriate Conduct**

A.    How did the sexually inappropriate conduct that you experienced and/or witnessed as described in this questionnaire make you feel?  (Check all feelings which applied)

___ Uncomfortable
___ Afraid
___ Upset / Angry
___ Embarrassed / Humiliated
___ Sad
___ Anxious
___ Stressed
___ Depressed
___ Unable to sleep
___  Not applicable / I was not affected.

___ Other: _____

B.    As a result of the sexually inappropriate conduct that you experienced and/or witnessed as described in this questionnaire, did you seek medical or psychiatric treatment.

____  Yes          ___ No          ___ Not Applicable

C.    As a result of the sexually inappropriate conduct, did you experience any of the following adverse consequence?

___ I resigned / quit because I could no longer work for Nevada Restaurant Services.
___ I became uncomfortable working around my co-workers and/or managers.
___ My personal relationships were adversely affected.
___ I did not experience any other consequence.

___ Other: _____

**VI.    End of Employment with Nevada Restaurant Services**

A.    Are you still employed by Nevada Restaurant Services, Inc. end?

_____ No, my employment ended (Month / Year)

_____

_____ Yes, I am still employed by Nevada Restaurant Services, Inc.

Consent Decree

      B.      If you are no longer employed by Nevada Restaurant Services, what was the reason for the end of your employment with Nevada Restaurant Services?

          \_\_\_ I resigned / quit because of the sexually inappropriate conduct and/or Nevada Restaurant Services' response to the sexually inappropriate conduct.
              \_\_\_ If yes, I lost income / benefits because I was unemployed for a period of time.
              \_\_\_ If yes, I did not lose income / benefits because I was able to find a better or comparable job.

          \_\_\_ I resigned / quit for reasons (i.e. better job, school) unrelated to the sexually inappropriate conduct and/or Nevada Restaurant Services' response to the conduct.
          \_\_\_ My employment was terminated due to work performance or attendance issues.
          \_\_\_ Other reason: _____

## VII.   Any Other Information that the EEOC Should Consider for Your Claim

_____

_____

_____

_____

**End of Questionnaire**

I, _____, declare under oath and penalty of perjury under the
   (Print Name of Potential Claimant)

laws of the United States that the foregoing is true and correct to the best of my memory.

Executed on: _____ at    _____
          (Month, Day, Year)            (City, State)

                                     Signature of Potential Claimant

                                  _____